STATE of Ohio, Plaintiff,

v.

MARKUSIC, Defendant.

2003-Ohio-7372.]

Court of Common Pleas of Ohio,
Medina County.

No. 03–CR–0175.

Decided Oct. 22, 2003.

JAMES L. KIMBLER, Judge.

{¶ 1} On April 30, 2003, the Medina County Grand Jury indicted the defendant for possession of drugs with a forfeiture specification attached to the indictment. The specification alleged that the defendant had used a 1996 Chevrolet van in the commission of possessing cocaine. The indictment stated that the state was seeking forfeiture pursuant to R.C. 2925.42(A).

{¶ 2} On July 14, 2003, the defendant moved for leave to file a motion for intervention in lieu of conviction. The court granted leave for the defendant to

file such a motion. The defendant filed his motion for intervention in lieu of conviction on July 14, 2003.

{¶ 3} On September 19, 2003, the court held a hearing and granted defendant's motion. At that hearing, the state requested that the defendant enter a guilty plea not only to the charge, but also to the forfeiture specification. The defendant objected to that request, and the court accepted the plea only to the charge of possessing drugs in violation of R.C. 2925.11(A) and (C)(4)(a), a fifth-degree felony. The court then ordered the defendant to comply with various conditions pursuant to its order of intervention in lieu of conviction.

{¶ 4} With respect to the forfeiture specification, the court ordered briefs on the issue of whether a forfeiture of the defendant's van could be ordered. The court set forth a briefing schedule that required the state to file a brief and the defendant to then file a response brief. Since the state never filed its brief in support of forfeiture, the defendant never filed his brief in opposition to forfeiture. Consequently, at the hearing on October 20, both sides stated their respective positions either for or against the court's holding a forfeiture hearing. Those arguments are set forth on the record.

{¶ 5} The issue presented in this case is whether a court can forfeit property allegedly used in the commission of a drug offense when the same court has granted intervention in lieu of conviction on the same drug offense.

{¶ 6} Initially, this court must examine the wording of R.C. 2925.42(A) to see whether the statute itself prohibits such a hearing. R.C. 2925.42(A) states that property of a defendant may be forfeited when such defendant "is convicted of or pleads guilty" to a drug abuse offense.

{¶ 7} Since a court must accept a guilty plea from a defendant before it can order treatment in lieu of conviction,[1] the language of R.C. 2925.42(A) does not expressly prohibit the forfeiture of property of defendants granted intervention in lieu of conviction. The question then becomes whether there are other reasons why forfeiture cannot be ordered when a defendant is granted intervention in lieu of conviction.

{¶ 8} Under R.C. 2951.041, a defendant pleads guilty to the offense for which he/she is seeking intervention in lieu of conviction, but the court does not make a finding of guilty; rather, the court stays all criminal proceedings against the defendant.[2] If the defendant satisfactorily completes the intervention plan, then successful completion of the program is done without adjudication of guilt.[3] By

---

1. R.C. 2951.041(C).

2. R.C. 2951.041(C).

3. R.C. 2951.041(D).

statute, successful completion of the program is not a criminal conviction for any disqualification or disability imposed by law.[4]

{¶ 9} In this case, then, if the defendant successfully completes the intervention program, he will have no criminal conviction, and this court will never find him guilty. The question then becomes whether a court may punish such a defendant—that is, punish a defendant who was accused of a crime, but was never found guilty by the court, and who is statutorily relieved from any disability imposed by virtue of a criminal conviction.

{¶ 10} The Ohio Supreme Court has declared that property forfeiture pursuant to R.C. 2925.42 is punishment for purposes of the constitutional ban against "cruel and unusual punishment."[5] If forfeiture is a punishment for purposes of the Eighth and Fourteenth Amendments to the United States Constitution, and is a punishment for purposes of Section 9, Article I, Ohio Constitution, then it is punishment for other purposes also.

{¶ 11} If it is punishment, then this court does not have the power to levy a punishment without a finding that the defendant is guilty of a crime. Since this court has not yet found that the defendant is guilty of an offense, it cannot punish the defendant and therefore cannot order the forfeiture of his 1996 Chevrolet van.

{¶ 12} If, however, the defendant were to violate the terms of his intervention-in-lieu-of-conviction program, the court could find him guilty and proceed to punish him. At such time, the state could seek forfeiture of his van pursuant to R.C. 2925.42.

{¶ 13} Therefore, this court holds that as long as the defendant is enrolled in his intervention-in-lieu-of-conviction program, the court cannot order his van forfeited. If the defendant successfully completes the intervention program, his van can never be forfeited as a result of his allegedly committing the drug abuse offense for which he was granted intervention in lieu of conviction. Because the court cannot order his van forfeited, the court holds that the van should be released by the state to the defendant.

So ordered.

---

4. R.C. 2951.041(E).

5. *State v. Hill* (1994), 70 Ohio St.3d 25, 635 N.E.2d 1248.