OPINION
{¶ 1} Defendant-appellant Lottie Mae Stanley appeals from her conviction and sentence for one count of receiving stolen property, in violation of R.C. § 2913.51(A); one count of theft, in violation of R.C. § 2913.02(A)(3); and two counts of forgery, in violation of 2913.31(A)(3). On February 11, 2005, Stanley was arraigned, at which time she pled not guilty to all charges.
 {¶ 2} On July 15, 2005, Stanley filed a petition to enter a plea of no contest. On the same day the trial court accepted Stanley's no contest plea. The trial court found her guilty of all charges and sentenced her to one year in prison to run consecutively to sentences she was presently serving for other offenses. Additionally, Stanley was ordered to pay restitution in the amount of $1,000.00, all costs of prosecution, and any fees authorized by statute.
 I {¶ 3} The incident which forms the basis for Stanley's conviction and sentence occurred on September 2, 2001, when she allegedly entered a First Star Bank located in a Cub Foods grocery store in Sugarcreek Township, Ohio. Stanley presented a stolen check to the bank teller in the amount of $5,100.00 after she forged the victim's name on the check as well as on the deposit slip she used to deposit that sum into her account. Stanley also forged another victim's signature on a second check and presented that check for immediate withdrawal. Stanley received approximately $1,000.00 in the transaction.
 {¶ 4} As previously mentioned, Stanley initially pled not guilty to all charges but ultimately pled no contest to one count of receiving stolen property, one count of theft, and two counts of forgery. The trial court found Stanley guilty on all counts and sentenced her accordingly.
 {¶ 5} It is from this judgment that Stanley now appeals.
 II {¶ 6} Stanley's sole assignment of error is as follows:
 {¶ 7} "THE TRIAL COURT ERRED IN ACCEPTING APPELLANT'S PLEA WHICH WAS MADE INVOLUNTARILY."
 {¶ 8} In her sole assignment of error, Stanley contends that she did not voluntarily enter her no contest plea. Citing certain comments she made during the plea hearing, Stanley argues that it was apparent that she was under duress when she entered her plea. We disagree.
 {¶ 9} Crim. R. 11(C) sets forth the requisite notice to be given to a defendant at a plea hearing on a felony. To be fully informed of the effect of the plea, the court must determine that the defendant's plea was made with an "understanding of the nature of the charges and the maximum penalty involved." Crim. R. 11(C)(2)(a).
 {¶ 10} In order for a plea to be given knowingly and voluntarily, the trial court must follow the mandates of Crim. R. 11(C). If a defendant's guilty plea is not voluntary and knowing, it has been obtained in violation of due process and is void.Boykin v. Alabama (1969), 395 U.S. 238, 243, 89 S.Ct. 1709.
 {¶ 11} A trial court must strictly comply with Crim. R. 11 as it pertains to the waiver of federal constitutional rights. These include the right to trial by jury, the right of confrontation, and the privilege against self-incrimination. Id. at 243-44. However, substantial compliance with Crim. R. 11(C) is sufficient when waiving non-constitutional rights. State v. Nero (1990),56 Ohio St.3d 106, 108, 564 N.E.2d 474. The non-constitutional rights that a defendant must be informed of are the nature of the charges with an understanding of the law in relation to the facts, the maximum penalty, and that after entering a guilty plea or a no contest plea, the court may proceed to judgment and sentence. Crim. R. 11(C)(2)(a)(b); State v. Philpott (Dec. 14, 2000), 8th District No. 74392, citing McCarthy v. U.S.
(1969), 394 U.S. 459, 466, 89 S.Ct. 1166. Substantial compliance means that under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving. Nero, 56 Ohio St.3d at 108.
 {¶ 12} A defendant who challenges his no contest plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. State v. Goens (October 10, 2003), Montgomery App. No. 19585, 2003-Ohio-5402; Crim. R. 52(A). The test is whether the plea would have been otherwise made. Id.
 {¶ 13} In reviewing the colloquy between the trial court and Greene, we find that the court substantially complied with the requirements set forth in Crim. R. 11(C) and that Stanley's no contest plea was made in a knowing and voluntary fashion. Stanley's assertion that she entered her no contest plea under duress is undermined by responses she provided to the trial court's questions regarding her understanding of the plea process. The following exchange between Stanley and the trial court clearly demonstrates that she understood the consequences of a no contest plea:
 {¶ 14} "The Court: Yes, you want to do that. Now, your attorney has clearly explained some of the thought processes that has [sic] gone into your decision to dispose of this case accordingly."
 {¶ 15} "Now, let me kind of start from the beginning. You have the right to go to trial and have a jury decide this case. You also have the right to enter a plea, which is what we're here today to consider. Are you telling me that when you've weighed all the choices, you've talked to your attorney, you know what your options are, and I think you clearly know what your options are in this case, are you telling me this is your free choice to choose to dispose of your case this way?"
 {¶ 16} "Stanley: Yeah."
 {¶ 17} "The Court: Do you understand my question?"
 {¶ 18} "Stanley: Yes, I think."
 {¶ 19} "The Court: Okay, I'm asking if this is your decision? You're telling you want me to take your plea because this is your free choice to do so?"
 {¶ 20} "Stanley: Yes, sir."
 {¶ 21} "The Court: Now, you understand you have other options."
 {¶ 22} "Stanley: No."
 {¶ 23} "The Court: Well, you have the option to go to trial."
 {¶ 24} "Stanley: Yeah, that was my only one."
 {¶ 25} "The Court: You understand that?"
 {¶ 26} "Stanley: Yes, sir."
 {¶ 27} "The Court: And I'm trying to say this so this makes sense. Do you believe — well, I don't want to say — it's your voluntary decision to enter your plea, is that correct?"
 {¶ 28} "Stanley: Yes, sir."
 {¶ 29} Lastly, Stanley argues that she felt pressured to take the plea, and she believed that the prosecutor did not like her. However, there is no evidence in the record to support her claim of duress nor would her belief the prosecutor disliked her form a basis to invalidate her plea. The transcript of the plea hearing does not reflect any animosity on the part of the prosecutor directed at Stanley. In fact, the record demonstrates that the trial court clearly and deliberately explained to Stanley the effect of her no contest plea and her option to go to trial. The trial court offered Stanley every opportunity to change her mind with respect to entering a plea. At one point, the trial court temporarily halted the proceedings and allowed defense counsel to confer with Stanley and explain to her the effect of a no contest plea as well as the sentence she would receive if found guilty. The record in this matter belies Stanley's assertion that she was under duress at the time when she agreed to enter a no contest plea to the charges against her.
 {¶ 30} Stanley's sole assignment of error is overruled.
 III {¶ 31} Stanley's sole assignment of error having been overruled, the judgment of the trial court is affirmed.
Brogan, J. and Fain, J., concur.