OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of Quill Vanover, filed November 15, 2005. On August 5, 2003, Vanover was indicted by a Clark County Grand Jury on two counts of kidnaping, in violation of R.C. 2905.01, both with gun specifications, one count of abduction, in violation of R.C. 2905.02(A)(2), with a gun specification, one count of bribery, in *Page 2 
violation of R.C. 2921.02, one count of having weapons while under disability, in violation of R.C. 2923.13, one count of domestic violence, in violation of R.C. 2919.25, one count of menacing by stalking, in violation of R.C. 2903.211, and one count of intimidation, in violation of R.C. 2921.04.
 {¶ 2} Vanover was convicted of bribery and intimidation, and, pursuant to an agreed sentence, received five years on the bribery charge and three years on the intimidation charge, and the other charges were dismissed. On June 24, 2005, we reversed and remanded the matter. On January 5, 2005, a Clark County Grand Jury issued another indictment, alleging the same eight counts in the original indictment.
 {¶ 3} On October 11, 2005, Vanover entered guilty pleas to one count of kidnaping, a felony of the first degree, with a firearm specification, bribery, a felony of the third degree, and intimidation, a felony of the third degree. In exchange for the pleas, the State dismissed all other counts in the indictment. The trial court sentenced Vanover to 10 years for kidnaping, three years for the gun specification, five years for bribery, and five years for intimidation, all to be served consecutively, for a total sentence of 23 years.
 {¶ 4} On July 20, 2006, Vanover filed a Motion to File Amended Brief Instanter, which we granted on October 23, 2006, over the State's opposition. Vanover asserts four assignments of error. We will address the first two assignments of error together. They are as follows:
 {¶ 5} " THE TRIAL COURT ERRED IN ITS DETERMINATION THAT THE APPELLANT MADE HIS PLEA OF GUILTY VOLUNTARILY IN VIOLATION OF CRIMINAL RULE 11(C)." And,
 {¶ 6} "THE TRIAL COURT ERRED IN NOT INFORMING APPELLANT PRIOR TO ACCEPTING HIS PLEA OF GUILTY OF THE EFFECT OF THE PLEAS OF GUILTY, NO *Page 3 
CONTEST, AND NOT GUILTY AS REQUIRED BY CRIMINAL RULE 11(C)(2)(b)"
 {¶ 7} "The plea of guilty is a complete admission of the defendant's guilt." Crim.R. 11(B)(1). A court "shall not accept a plea of guilty or no contest without first addressing the defendant personally and * * * (a) [determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing. [and] (b) [informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence." Crim. R. 11(C)(2)(a) and (b).
 {¶ 8} "Crim. R. 11(C) sets forth the requisite notice to be given to a defendant at a plea hearing on a felony. * * *
 {¶ 9} "In order for a plea to be given knowingly and voluntarily, the trial court must follow the mandates of Crim. R. 11(C). If a defendant's guilty plea is not voluntary and knowing, it has been obtained in violation of due process and is void. (Internal citation omitted).
 {¶ 10} "A trial court must strictly comply with Crim.R. 11 as it pertains to the waiver of federal constitutional rights. These include the right to trial by jury, the right of confrontation, and the privilege against self-incrimination.* * * However, substantial compliance with Crim.R. 11(C) is sufficient when waiving non-constitutional rights. (Internal citation omitted). The non-constitutional rights that a defendant must be informed of are the nature of the charges with an understanding of the law in relation to the facts, the maximum penalty, and that after entering a guilty plea or a no contest plea, the court may proceed to judgment and sentence. (Internal citations omitted). Substantial compliance means that under the totality of the circumstances, the defendant *Page 4 
subjectively understands the implications of his plea and the rights he is waiving. (Internal citation omitted). State v. Stanley, Greene App. No. 2005 CA 94, 2006-Ohio-3759.
 {¶ 11} "A defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. (Internal citations omitted). The test is whether the plea would have been otherwise made." State v. Greene, Greene App. No. 2005 CA 26, 2006-Ohio-480.
 {¶ 12} The following colloquy took place after the State put the facts supporting the offenses to which Vanover pled guilty on the record:
 {¶ 13} "THE COURT: Is that how you want to proceed this afternoon, Mr. Vanover?
 {¶ 14} "THE DEFENDANT: Against my better judgment, yes, sir.
 {¶ 15} "THE COURT: Are you under the influence of drugs or alcohol or any medications at this time?
 {¶ 16} "THE DEFENDANT: No, sir.
 {¶ 17} "* * *
 {¶ 18} "THE COURT: And are you satisfied with the advice you've been given from your attorney in this case?
 {¶ 19} "THE DEFENDANT: Yes, sir.
 {¶ 20} "THE COURT: Is this your signature on this plea document?
 {¶ 21} "THE DEFENDANT: Yes, it is.
 {¶ 22} "THE COURT: Did you have an opportunity to go over it with your lawyer?
 {¶ 23} "THE DEFENDANT: He covered it with me, yes.
 {¶ 24} "THE COURT: And do you understand everything in it? *Page 5 
 {¶ 25} "THE DEFENDANT: The charges, yes.
 {¶ 26} "THE COURT: Is there anything in this document that you don't understand or that you need the Court to clarify for you?
 {¶ 27} "THE DEFENDANT : Well, the gun specification, Your Honor. I don't know where she got this gun specification at all because that was really not — that really didn't happen, but that's her word against mine. My record's not good.
 {¶ 28} "THE COURT: All right. Well, the only facts I know about this case are what the prosecutor just put on the record. I don't know what evidence they have to support the facts that they're alleging; but in order to proceed with this plea agreement, you'll have to acknowledge the facts that the prosecutor put on record as being true.
 {¶ 29} "THE DEFENDANT: Yes, sir.
 {¶ 30} "THE COURT: Was there anything else in the plea form that you needed the Court to clarify for you?
 {¶ 31} "THE DEFENDANT: Not that I can think of, sir.
 {¶ 32} "THE COURT : Other than what's been placed on record today or what's contained in this document, has anybody made any promises to you to get you to plead guilty?
 {¶ 33} "THE DEFENDANT: No.
 {¶ 34} "THE COURT: Has anybody threatened you to get you to enter this guilty plea?
 {¶ 35} "THE DEFENDANT: No, sir.
 {¶ 36} "THE COURT: And are you entering this guilty plea voluntarily?
 {¶ 37} "THE DEFENDANT: Yes, sir "
 {¶ 38} The court went on to inquire if Vanover understood the nature of each offense, and *Page 6 
Vanover stated that he understood the nature of each one. The colloquy continued as follows:
 {¶ 39} "THE COURT: And did you understand the factual statement that the prosecutor put on record about these offenses?
 {¶ 40} "* * *
 {¶ 41} "THE DEFENDANT: Well, I don't quite know how to answer that, Your Honor, `cause I don't really understand any of this that's happening. This is all — I mean, like I said before, this is strictly her word against mine.
 {¶ 42} "My word is not going to go very far with her because of my record, and I don't really know how the things even got this far out of hand. But in short of answering your question, I would say, yes, I agree with whatever it is."
 {¶ 43} The Court then explained the maximum penalties for each offense and post-release control, and Vanover acknowledged his understanding thereof. The colloquy then continued as follows:
 {¶ 44} "THE COURT: And do you understand that you do have the right to have a trial in this case?
 {¶ 45} "THE DEFENDANT: Yes, sir. And, again, I would like to also add that at this point, I don't feel that the trial would do me any good because I don't really feel that I would have a fair trial due to my past record and due to Mrs. Vanover, the influence that she seems to have.
 {¶ 46} "THE COURT : All right. Are you indicating that — are you telling the Court that you are totally innocent of these charges?
 {¶ 47} "THE DEFENDANT: Totally innocent, Your Honor, no, sir. But guilty to the extreme of these charges, no." *Page 7 
 {¶ 48} The State suggested that the court go over the facts again to clarify the bases of the charges, and it declined to offer an Alford plea to Vanover. The colloquy then continued as follows:
 {¶ 49} "THE COURT: * * * Mr. Vanover, you indicated on the record that you're not maintaining your innocence with respect to all these counts. You're just saying to a certain extent, I guess, you believe certain things have been fabricated or embellished.
 {¶ 50} "But like the prosecutor indicated, I think we do need to go over these counts and make sure that you are admitting to facts that would constitute the crimes with which you're pleading guilty.
 {¶ 51} "So with respect to Count 1, is there anything about Count 1, are you admitting that you did use force, threat, or deception knowingly under circumstances that create a substantial risk of serious physical harm to the victim that you restrained her from her liberty? Are you acknowledging that you did that?
 {¶ 52} "THE DEFENDANT: Yes, sir.
 {¶ 53} "THE COURT: And Count 1also carries with it a firearm specification that you had a firearm on or about your person or under your control and that you brandished it, displayed it, indicated that you possessed it, or used it to facilitate the offense.
 {¶ 54} "And are you acknowledging that fact to be true?
 {¶ 55} "THE DEFENDANT: Yes, sir.
 {¶ 56} "THE COURT: And with respect to Count 4, are you acknowledging that you improperly influenced Diane Vanover with respect to her testimony in an official proceeding with a purpose to corrupt her as a witness by offering to give her or another person any valuable thing or valuable benefit? *Page 8 
 {¶ 57} "Are you acknowledging that to be true?
 {¶ 58} "THE DEFENDANT: Yes, sir.
 {¶ 59} "THE COURT: And Count 8 are you acknowledging that on August 23rd, 2003, you did knowingly by force or unlawful threat of harm to any person or property attempt to influence, intimidate, or hinder the victim of a crime in the filing or prosecution of criminal charges?
 {¶ 60} "Are you acknowledging that to be true?
 {¶ 61} "THE DEFENDANT: Yes, sir"
 {¶ 62} The court then told Vanover that the State would be required to prove each element of each offense beyond a reasonable doubt, and that a unanimous jury verdict was required for a finding of guilt. The court explained Vanover's right to cross-examine witnesses who testify against him, to compel the attendance of witnesses, and that Vanover could not be compelled to testify. When asked if he wanted to give up those rights and plead guilty, Vanover responded, "Yes, sir." The court then found that Vanover knowingly, voluntarily and intelligently waived his rights and entered his guilty pleas.
 {¶ 63} It is clear from the record that the trial court strictly complied with Crim. R. 11 as the rule pertains to Vanover's federal constitutional rights. The trial court, however, did not specifically inform Vanover that a plea of guilty is a complete admission of guilt. The plea form, though, signed by Vanover, provides, "By pleading guilty I admit committing the offense * * * . I enter this plea voluntarily." Not only the State, but also the trial court, specifically enumerated the facts supporting the charges against Vanover, and Vanover acknowledged them to be true as to each count. The record reveals that the trial court advised Vanover that the maximum penalty for kidnaping is 10 years, plus three years for the firearm specification, that the maximum penalty for bribery is five *Page 9 
years, and that the maximum penalty for intimidation is also five years, and Vanover indicated that he understood what the court said. Vanover stated that no promises or threats induced his pleas. From the record before us, we conclude that, under the totality of the circumstances, Vanover subjectively understood the implications of his pleas and the rights he waived, and entered his pleas voluntarily. There being no prejudicial effect, we conclude that the trial court substantially complied with Crim.R. 11(C)(2)(b). Vanover's first and second assignments of error are overruled.
 {¶ 64} Vanover's third assignment of error is as follows:
 {¶ 65} "THE TRIAL COURT VIOLATED THE APPELLANT'S RIGHT TO A JURY TRIAL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION AND SECTION 5, ARTICLE I OF THE OHIO CONSTITUTION BY SENTENCING THE APPELLANT TO MAXIMUM CONSECUTIVE SENTENCES IN ACCORDANCE WITH THE STATUTORY GUIDELINES IN THE OHIO REVISED CODE "
 {¶ 66} Vanover relies on State v. Foster, 109 Ohio St.3d 1,845 N.E.2d 470, 2006-Ohio-856. "Foster established a bright-line rule that anypre-Foster sentence to which the statutorily required findings of fact applied (i.e. more-than-minimum, maximum, and consecutive sentences), pending on direct review at the time that Foster was decided, must be reversed, and the cause remanded for re-sentencing in accordance withFoster, if the sentence is a subject of the appeal." State v.Logsdon, Clark App. No. 2005-CA-66, 2006-Ohio-6833.
 {¶ 67} Since Vanover was sentenced in violation of the rule articulated in Foster, we sustain Vanover's third assignment of error, reverse the trial court's judgment and remand the cause for resentencing consistent with Foster.
 {¶ 68} Vanover's fourth assignment of error is as follows: *Page 10 
 {¶ 69} "THE TRIAL COURT VIOLATED THE APPELLANT'S RIGHT TO DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION BY INCREASING HIS SENTENCE ALMOST THREEFOLD AFTER THE COURT OF APPEALS REVERSED HIS PRIOR CONVICTION DUE TO A DEFECT IN THE INDICTMENT."
 {¶ 70} Vanover argues that his subsequent sentence is "presumptively vindictive and violates the appellant's right to due process," in reliance on North Carolina v. Pearce (1969), 395 U.S. 711,89 S.Ct. 2072, 23 L.Ed.2d 656.
 {¶ 71} "In order to assure the absence of such a motivation [vindictiveness], we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal." Id., at 395 U.S. 726, 89 S.Ct. 2081. "Where a different judge imposes a harsher sentence after an independent assessment, there is no true `increase' in the sentence, and the vindictiveness presumption does not apply." State v. Smith, Hamilton, App. No. C-040778, 2006-Ohio-3720. "[W]hen a second judge imposes a harsher sentence, it is incumbent upon the defendant to establish vindictiveness." State v. Mitcham (April 23, 1993), Ashtabula App. No. 92-A-1693.
 {¶ 72} Vanover was initially sentenced by Judge Gerald Lorig, and he was sentenced herein by Judge Douglas Rastatter, and the presumption of vindictiveness does not apply. Further, Vanover *Page 11 
was initially sentenced for bribery and intimidation, while herein he was sentenced for bribery, intimidation, and also kidnaping with a gun specification. Vanover's argument that the "record is completely devoid of any explanation or justification as to why the trial court increased appellant's sentence threefold" defies logic. As the trial court was not motivated by vindictiveness when it sentenced Vanover, his fourth assignment of error is overruled.
 WOLFF, P.J. and FAIN, J., concur. *Page 1