[Cite as *State v. Chance*, 2012-Ohio-1266.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | CASE NO. 11-MA-27 |
| | ) | |
| DEBRA CHANCE, | ) | OPINION |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from Court of Common Pleas of Mahoning County, Ohio Case No. 10CR949

JUDGMENT:     Affirmed

APPEARANCES:
For Plaintiff-Appellee     Paul Gains
Prosecutor
Ralph M. Rivera
Assistant Prosecutor
21 W. Boardman St., 6th Floor
Youngstown, Ohio 44503

For Defendant-Appellant     Attorney Carlo A. Ciccone
P.O. Box 871
Warren, Ohio 44482-0871

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite

Dated: March 20, 2012

DONOFRIO, J.

{¶1} Defendant-appellant Debra Chance appeals her conviction and sentence in the Mahoning County Common Pleas Court for theft, following her guilty plea.

{¶2} On August 26, 2010, a Mahoning County Grand Jury indicted Chance on one count of aggravated theft in violation of R.C. 2913.02(A)(1)(B)(1)(2), a second-degree felony. The indictment alleged that Chance had stolen between $500,000 and $1,000,000 from L.F. Donnell, Inc. d.b.a. The Honda Store. Chance pleaded not guilty and the trial court appointed her counsel. The case proceeded to discovery and other pretrial matters.

{¶3} On December 6, 2010, Chance entered into a Crim.R. 11 felony plea agreement with the state and pleaded guilty to aggravated theft, a third-degree felony. In exchange, the state moved to amend the aggravated theft charge from a second-degree felony to a third-degree felony and agreed to recommend a four-year prison sentence. (Plea Hearing Tr. 3.) Chance made $10,000 restitution and the state informed the court that it would amend its recommended prison sentence upon further "substantial" restitution. (Plea Hearing Tr. 3.) Following a Crim.R. 11 colloquy, the trial court accepted Chance's guilty plea. (Plea Hearing Tr. 12-24.)

{¶4} On February 8, 2011, the trial court sentenced Chance to four years in prison and ordered full restitution. This appeal followed.

{¶5} On August 3, 2011, Chance's appellate counsel filed a combined no merit brief pursuant to *State v. Toney*, 23 Ohio App.2d 203, 262 N.E.2d 419 (1970), and motion to withdraw. On August 16, 2011, this court provided Chance thirty days to file her own brief, but she did not do so.

{¶6} In *Toney*, this court recognized an indigent defendant's constitutional right to court-appointed counsel for direct appeal of their conviction. Id., at paragraph one of the syllabus. After a conscientious examination of the record, counsel should present any assignments of error which could arguably support the appeal. Id., at paragraph two of the syllabus. If instead counsel determines that the defendant's appeal is frivolous and that there is no assignment of error which could be arguably

supported on appeal, then counsel should inform the appellate court and the defendant of that by brief and ask to withdraw as counsel of record. Id., at paragraph three and four of the syllabus. The defendant is then given the opportunity to raise, pro se, any assignments of error he chooses. Id., at paragraph four of the syllabus. The appellate court then is duty bound to examine the record, counsel's brief, and any pro se arguments, and determine if the appeal is wholly frivolous. Id., paragraph five of the syllabus. If after determining that the appeal is wholly frivolous, then the appellate court should permit counsel to withdraw and affirm the judgment of conviction and sentence. Id., at paragraph seven of the syllabus.

{¶7} Chance pleaded guilty to the aggravated theft charge. When a criminal defendant pleads guilty, there are typically only two issues which could be appealed: (1) whether the plea was entered into knowingly, intelligently, and voluntarily and (2) the sentence.

### Guilty Plea

{¶8} When determining the voluntariness of a plea, this court must consider all of the relevant circumstances surrounding it. *State v. Trubee,* 3d Dist. No. 9-03-65, 2005-Ohio-552, at ¶8, citing *Brady v. United States* (1970), 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747. Pursuant to Crim.R. 11(C)(2), the trial court must follow a certain procedure for accepting guilty pleas in felony cases. Before the court can accept a guilty plea to a felony charge, it must conduct a colloquy with the defendant to determine that he understands the plea he is entering and the rights he is voluntarily waiving. Crim.R. 11(C)(2). If the plea is not knowing and voluntary, it has been obtained in violation of due process and is void. *State v. Martinez,* 7th Dist. No. 03-MA-196, 2004-Ohio-6806, at ¶11, citing *Boykin v. Alabama* (1969), 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274. The advisements pursuant to Crim.R. 11(C) that the court is required to make prior to accepting the plea are typically divided into constitutional and non-constitutional rights.

{¶9} The constitutional rights include the right against self-incrimination, the right to a jury trial, the right to confront one's accusers, the right to compel witnesses

to testify by compulsory process, and the right to have the state prove the defendant's guilt beyond a reasonable doubt. Crim.R. 11(C)(2)(c); *State v. Veney,* 120 Ohio St.3d 176, 2008-Ohio-5200, ¶19-21. A trial court must strictly comply with these requirements. *State v. Veney,* 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, at ¶31; *State v. Ballard* (1981), 66 Ohio St.2d 473, 477.

{¶10} The nonconstitutional rights include that the defendant must be informed of the nature of the charges, including the maximum penalty involved (which includes an advisement on postrelease control), that the defendant must be informed, if applicable, that he is not eligible for probation or the imposition of community control sanctions, and that the court may proceed to judgment and sentence after accepting the guilty plea. Crim.R. 11(C)(2)(a)(b); *Veney,* 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, at ¶10-13; *State v. Sarkozy,* 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶19-26, (indicating that postrelease control is a nonconstitutional advisement). For the nonconstitutional rights, the trial court must substantially comply with Crim.R. 11's mandates. *State v. Nero* (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Veney,* 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, at ¶15 quoting *Nero,* 56 Ohio St.3d at 108, 564 N.E.2d 474. Furthermore, a defendant who challenges his guilty plea on the basis that the advisement for the nonconstitutional rights did not substantially comply with Crim.R. 11(C)(2)(a)(b) must also show a prejudicial effect, meaning the plea would not have been otherwise entered. *Veney,* 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, at ¶15 citing *Nero,* 56 Ohio St.3d at 108, 564 N.E.2d 474.

{¶11} A review of the plea hearing transcript indicates that Chance was advised of all of the constitutional rights she was waiving by entering a guilty plea. She was advised of the right to a trial by jury, the right to have the state prove its case beyond a reasonable doubt, the right to cross-examine witnesses against her,

the right to compel witnesses to testify on her behalf, and the right against self-incrimination. (Plea Hearing Tr. 13-14.)

{¶12} Next, we turn to whether the trial court substantially complied with the nonconstitutional advisements. The trial court informed Chance that the court could sentence her to one to five years in prison and that she could be fined up to $10,000. (Plea Hearing Tr. 16). This is a correct recitation of the penalties involved for a third-degree felony. R.C. 2929.14(A)(3) (indicating the possible sentence for a third-degree felony); R.C. 2929.18(A)(3)(c) (indicating the fine for a third-degree felony).

{¶13} R.C. 2967.28(C) provides for a term of post-release control term of up to three years for non-violent third-degree felonies. Consistent with this provision, the court informed Chance that she would be subject to post-release control for a term of up to three years following release from prison. (Plea Hearing Tr. 18-19.) Because Chance was eligible for the imposition of probation or community control sanctions, the advisement concerning noneligibility was not applicable. Nonetheless, the trial court did advise Chance that she was eligible for probation or community control sanctions as a result of this offense. (Plea Hearing Tr. 17, 20.)

{¶14} The only right in which there was arguably a defect in the oral hearing is the failure to advise Chance that the trial court may enter judgment immediately upon completion of the guilty plea process. As indicated, because this is a non-constitutional right, only substantial compliance is required. There was substantial compliance in this case because, in the written guilty plea form, which Chance acknowledged that she understood and which was explained to her by her counsel, she was informed that the trial court may proceed with sentencing immediately. *State v. Summerall*, 10th Dist. No. 02AP-321, 2003-Ohio-1652.

{¶15} Even if Chance were unaware that the trial court could proceed to judgment immediately, there was no prejudice. Chance was indicted for aggravated theft in violation of R.C. 2913.02(A)(1)(B)(1)(2), a second-degree felony. Under that charge, she faced a maximum of eight years in prison. Instead, her trial counsel was able to negotiate a plea agreement that resulted in the charge being amended to a

third-degree felony under which she faced a possible maximum prison term of five years. Additionally, her counsel was able to negotiate a state recommendation of a four-year prison term. Clearly, it was a plea agreement favorable to Chance and provided a compelling incentive to plead. The trial court followed the state's recommendation despite the large amount of money stolen. It is a reasonable conclusion that the plea would still have been made if the trial court had specifically and orally advised Chance that it could immediately proceed to judgment and sentence after accepting her guilty plea. Moreover, given that a *Toney* brief was submitted in this matter, the record does not disclose any concern by Chance or her appellate counsel on this issue. In other words, neither Chance nor her counsel has pointed out to this court any perceived prejudice.

**{¶16}** In sum, Crim.R. 11(C) was more than adequately complied with and, as such, there are no appealable issues concerning the plea.

### *Sentence*

**{¶17}** The second appealable issue is Chance's sentence.

**{¶18}** Appellate review of felony sentences is a very limited, two-fold approach, as outlined by the plurality opinion of the Ohio State Supreme Court in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, at ¶26. The first step requires appellate courts to "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." Id. (O'Connor, J., plurality opinion). In examining "all applicable rules and statutes," the sentencing court must consider R.C. 2929.11 and R.C. 2929.12. Id. at ¶13-14 (O'Connor, J., plurality opinion). If the sentence is not clearly and convincingly contrary to law, the sentencing court's exercise of discretion "in selecting a sentence within the permissible statutory range is subject to review for any abuse of discretion." Id. at ¶17 (O'Connor, J., plurality opinion). Thus, an abuse of discretion is used to determine whether the sentence satisfies R.C. 2929.11 and R.C. 2929.12. Id. at ¶17 (O'Connor, J., plurality opinion).

{¶19} Chance's sentence is not contrary to law.  The trial court sentenced her to four years in prison for a third-degree felony.  This sentence is within the applicable statutory range. R.C. 2929.14(A)(3).  Furthermore, the court stated at the sentencing hearing and in its judgment entry that it considered the principles and purposes of sentencing pursuant to R.C. 2929.11.  (Sentencing Hearing Tr. 22-23, 02/14/2011 Sentencing J.E.) And it stated that it balanced the seriousness and recidivism factors set out in R.C. 2929.12. (Sentencing Hearing Tr. 23-25, 02/14/2011 Sentencing J.E.)

{¶20} Likewise, the trial court did not abuse its discretion in sentencing Chance.  The trial court stated in its sentencing entry that it considered the record and oral statements in reaching its sentence.  Additionally, at the sentencing hearing, the court noted the serious economic harm caused by Chance's theft, the position of trust held by Chance with the victim and how she used that to facilitate the offense. (Sentencing Hearing Tr. 23-24.)  The court also noted that the money was stolen over a long period of time, essentially constituting serial theft offenses. (Sentencing Hearing Tr. 27.)  Accordingly, there was nothing in the record to suggest that the court's decision was unreasonable, arbitrary, or unconscionable.

{¶21} In sum, there are no appealable issues as to Chance's sentence.

{¶22} For the reasons stated above, the trial court's judgment is hereby affirmed and appellate counsel's motion to withdraw is granted.

Vukovich, J., concurs.

Waite, P.J., concurs.