[Cite as *State v. Dilling*, 2013-Ohio-343.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| V. | ) | CASE NO. 12-CO-17 |
| | ) | |
| BRYAN K. DILLING, | ) | OPINION |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:      Criminal Appeal from Court of Common Pleas of Columbiana County, Ohio Case No. 10CR233

JUDGMENT:      Affirmed

APPEARANCES:
For Plaintiff-Appellee      Robert E. Herron
Prosecutor
Timothy McNicol
Assistant Prosecutor
105 South Market St.
Lisbon, Ohio 44432

For Defendant-Appellant      Atty. Douglas A. King
91 West Taggart Street
P.O. Box 85
East Palestine, Ohio 44413

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated: February 4, 2013

DONOFRIO, J.

{¶1} Defendant-appellant, Bryan Dilling, appeals from a Columbiana County Common Pleas Court judgment convicting him of gross sexual imposition.

{¶2} A Columbiana County Grand Jury indicted appellant on one count of sexual battery, a third-degree felony in violation of R.C. 2907.03(A)(1). Appellant entered a not guilty plea.

{¶3} Appellant later entered into a plea agreement with plaintiff-appellee, the State of Ohio. Pursuant to the terms of the plea agreement, appellant entered an Alford plea of guilty to the reduced charge of gross sexual imposition, a fourth-degree felony in violation of R.C. 2907.05(A)(5). In return, the state agreed to recommend a 12-month prison sentence. Additionally, appellant and the state agreed that appellant would be designated a Tier I sexual offender.

{¶4} The trial court held a change of plea hearing where it determined that appellant was entering his plea knowingly, voluntarily, and intelligently and accepted his Alford plea of guilty.

{¶5} Next, the court held a sentencing hearing. After listening to statements by defense counsel, the victim's mother, and appellant, the court sentenced appellant to a maximum prison term of 18 months. The court also found appellant to be a Tier I sexual offender.

{¶6} Appellant filed a timely notice of appeal on April 16, 2012.

{¶7} Appellant's counsel filed a no merit brief and request to withdraw as counsel pursuant to *State v. Toney*, 23 Ohio App.2d 203, 262 N.E.2d 419 (1970). In *Toney*, this court set out the procedure to be used when appointed counsel finds that an indigent criminal defendant's appeal is frivolous.

{¶8} The procedure set out in *Toney*, at the syllabus, is as follows:

3. Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of

record.

4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se.

5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.

\* \* \*

7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed.

**{¶9}** This court informed appellant that his counsel filed a *Toney* brief. Appellant did not file a pro se brief. Likewise, the state did not file a brief.

**{¶10}** Because appellant entered a guilty plea, our review is limited to examining his plea hearing and his sentence.

**{¶11}** The first issue we must examine is whether appellant entered his plea knowingly, voluntarily, and intelligently.

**{¶12}** When determining the voluntariness of a plea, this court must consider all of the relevant circumstances surrounding it. *State v. Trubee*, 3d Dist. No. 9-03-65, 2005-Ohio-552, ¶8, citing *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463 (1970). Pursuant to Crim.R. 11(C)(2), the trial court must follow a certain procedure for accepting guilty pleas in felony cases. Before the court can accept a guilty plea to a felony charge, it must conduct a colloquy with the defendant to determine that he understands the plea he is entering and the rights he is voluntarily waiving. Crim.R. 11(C)(2). If the plea is not knowing and voluntary, it has been obtained in violation of due process and is void. *State v. Martinez*, 7th Dist. No. 03-MA-196, 2004-Ohio-

6806, ¶11, citing *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709 (1969).

**{¶13}** A trial court must strictly comply with Crim.R. 11(C)(2) pertaining to the waiver of federal constitutional rights. *Martinez*, 7th Dist. No. 03-MA-196, ¶12. These rights include the right against self-incrimination, the right to a jury trial, the right to confront one's accusers, the right to compel witnesses to testify by compulsory process, and the right to proof of guilt beyond a reasonable doubt. Crim.R. 11(C)(2)(c).

**{¶14}** The trial court strictly complied with Crim.R. 11(C)(2) in informing appellant of the constitutional rights he was waiving by entering a guilty plea. The court specifically informed appellant that he was waiving his right to a jury trial, his right to be proven guilty by proof beyond a reasonable doubt, the right to confront the witnesses against him, the right to compel witnesses on his behalf, and the right to remain silent. (Plea Tr. 7-9). Appellant stated that he understood all of these rights. (Plea Tr. 9).

**{¶15}** A trial court need only substantially comply with Crim.R. 11(C)(2) pertaining to non-constitutional rights such as informing the defendant of "the nature of the charges with an understanding of the law in relation to the facts, the maximum penalty, and that after entering a guilty plea or a no contest plea, the court may proceed to judgment and sentence." *Martinez*, supra, ¶12, citing Crim.R. 11(C)(2)(a)(b).

**{¶16}** The trial court substantially complied with most of Crim.R. 11(C)(2) in informing appellant of his non-constitutional rights. The court explained the nature of the charges to appellant. (Plea Tr. 11-12). And the court informed appellant that he faced a maximum prison sentence of 18 months and a maximum fine of $5,000. (Plea Tr. 8). The court also informed appellant about postrelease control, informed him that he was not guaranteed a specific sentence, and advised what an Alford plea of guilty was. (Plea Tr. 6, 7, 10, 14).

**{¶17}** The court did fail in one respect. It failed to inform appellant that after entering a guilty plea, it could proceed to judgment and sentence. And this

information was not contained in the written judicial advice to defendant. Thus, appellant was not informed of such.

**{¶18}** But this error was not prejudicial. Firstly, the court did not immediately proceed to judgment and sentence. Instead, the court ordered a presentence investigation and set the matter for a sentencing hearing two months later. (Plea Tr. 17). Hence, it is irrelevant that the court *could* have proceeded immediately to judgment and sentence because it did not. Secondly, defense counsel negotiated a plea deal that reduced the third-degree felony charge appellant was facing to a fourth-degree felony. This changed the amount of prison time appellant faced from five years to 18 months. Clearly, this was favorable to appellant. Therefore, it is reasonable to conclude appellant would have still entered the plea even if the trial court had informed him it could immediately proceed to judgment and sentencing. Thirdly, because a *Toney* brief was submitted in this matter, the record does not disclose any concern by appellant or his appellate counsel on this issue. In other words, neither appellant nor his counsel has pointed out to this court any perceived prejudice. See *State v. Chance*, 7th Dist. No. 11-MA-27, 2012-Ohio-1266, ¶15.

**{¶19}** In sum, there are no meritorious appealable issues concerning appellant's plea.

**{¶20}** Next, we must examine appellant's sentence. Although he filed a *Toney* brief, counsel has nonetheless raised an assignment of error for our consideration. Counsel opines that the assignment of error lacks merit, but raises it even so. It states:

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT SENTENCED DEFENDANT/APPELLANT TO THE MAXIMUM TERM OF IMPRISONMENT IN VIOLATION OF OHIO REVISED CODE SECTIONS 2929.12 AS WELL AS DEFENDANT/APPELLANT'S RIGHTS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 16 ARTICLE I OF THE OHIO CONSTITUTION.

**{¶21}** Under the terms of the plea agreement, the state recommended a 12-month prison sentence for appellant. The trial court, however, sentenced appellant to an 18-month maximum sentence.

**{¶22}** Our review of felony sentences is now a limited, two-fold approach, as outlined in the plurality opinion in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, ¶26. First, we must examine the sentence to determine if it is "clearly and convincingly contrary to law." *Id.* (O'Conner, J., plurality opinion). In examining "all applicable rules and statutes," the sentencing court must consider R.C. 2929.11 and R.C. 2929.12. *Id.* at ¶¶ 13-14 (O'Conner, J., plurality opinion). If the sentence is clearly and convincingly not contrary to law, the court's discretion in selecting a sentence within the permissible statutory range is subject to review for abuse of discretion. *Id.* at ¶17 (O'Conner, J., plurality opinion). Thus, we apply an abuse of discretion standard to determine whether the sentence satisfies R.C. 2929.11 and R.C. 2929.12. *Id.* at ¶17 (O'Connor, J., plurality opinion).

**{¶23}** Appellant was convicted of a fourth-degree felony. The applicable sentences for a fourth-degree felony are six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months. R.C. 2929.14(A)(4). The trial court sentenced him to 18 months. So appellant's sentence was within the applicable statutory range.

**{¶24}** Furthermore, the trial court stated in its sentencing judgment entry that it "considered the record, the oral statements of the Defendant, the victim impact statement, if any, and the pre-sentence investigation prepared in this case, as well as all the principles and purposes of sentencing provided for under O.R.C. §2929.11, including the seriousness and recidivism factors in O.R.C. §2929.12."

**{¶25}** Thus, appellant's sentence is not contrary to law.

**{¶26}** Furthermore, the trial court did not abuse its discretion in sentencing appellant.

**{¶27}** The court did not impose the sentence recommended by the state of 12 months. Instead, it imposed a maximum 18-month sentence. However, appellant

was well-informed that it was within the court's discretion to do so. At the change of plea hearing, before accepting appellant's plea, the trial court pointed out to appellant that his plea agreement was not signed by the court. (Plea Tr. 7). It asked appellant if he understood this meant a particular result was not guaranteed in his case and appellant responded, "yes." (Plea Tr. 7). The court then went on to inform appellant that he faced a maximum prison term of 18 months. (Plea Tr. 8). Appellant stated that he understood this. (Plea Tr. 8). The following colloquy then took place:

> THE COURT: Has anybody made you a promise about coming into Court in terms of a specific sentence in return for some type of plea?
>
> MR. DILLING: No.
>
> THE COURT: Brian, did you understand that nobody has any authority to make such a promise to you?
>
> MR. DILLING: Yes, sir.

(Plea Tr. 10).

{¶28} At sentencing, however, after the court announced its sentence, appellant became angry stating that since he got the maximum sentence he might as well have gone to trial. (Sen. Tr. 13). He then told the court he wanted to go to trial. (Sen. Tr. 13).

{¶29} What appellant failed to realize was that while the court did sentence him to the maximum sentence for the fourth-degree felony, this was a reduced charge that was part of the plea agreement. Had appellant gone to trial, he would have been tried on the third-degree felony charge and faced a maximum of five years in prison.

{¶30} Moreover, it is well-established that a court is not bound to accept the state's recommended sentence as part of a negotiated plea agreement. *State v. Crable*, 7th Dist. No. 04-BE-17, 2004-Ohio-6812, ¶11. It is not error for the trial court to impose a greater sentence than that which induced the defendant to plead guilty

when the court cautions the defendant of the applicable penalties, including the possibility of imposing a greater sentence than that recommended by the state. *Id.*

**{¶31}** In addition, the court clearly considered several factors in imposing appellant's sentence. At sentencing the court stated:

> This is an unspeakable crime. I know that you entered an Alford plea here. This is a sex case. It deserves a prison term. Your record, your prior record, and even if I subtract all the things out that your counsel referred to that were dismissals it is still substantial and serious. It's rare that you see anything as long as such a record.
>
> So based on your criminal history, the type of offense, the age and situation of the victim here, it's the order of the Court that you serve the maximum term of 18-months in a state correctional facility.

(Sen. Tr. 10-11).

**{¶32}** Based on all of the above, we cannot conclude that the trial court abused its discretion in sentencing appellant.

**{¶33}** Upon our own independent review of the record, pursuant to our duty under *Toney*, supra, we find that there are no non-frivolous issues for review. In sum, no meritorious appealable issue exists.

**{¶34}** For the reasons stated above, the trial court's judgment is hereby affirmed. Counsel's motion to withdraw is granted.

Vukovich, J., concurs.

DeGenaro, P.J., concurs.