[Cite as *State v. Miller*, 2017-Ohio-478.]

## IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 27079 |
| | : | |
| v. | : | Trial Court Case No. 2014-CR-1900 |
| | : | |
| ANTHONY J. MILLER | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 10th day of February, 2017.

. . . . . . . . . .

MATHIAS H. HECK, JR., by MICHAEL J. SCARPELLI, Atty. Reg. No. 0093662, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

JAMES S. ARMSTRONG, Atty. Reg. No. 0020638, 131 North Ludlow Street, Suite 386, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Anthony J. Miller, appeals from his conviction and sentence in the Montgomery County Court of Common Pleas after pleading guilty to one count of carrying a concealed weapon. In support of his appeal, Miller contends that he did not knowingly, intelligently, and voluntarily enter his guilty plea. For the reasons outlined below, the judgment of the trial court will be affirmed.

**Facts and Course of Proceedings**

{¶ 2} On July 24, 2014, the Montgomery County Grand Jury returned a two-count indictment charging Miller with carrying a concealed weapon in violation of R.C. 2923.12(A)(2) and improperly handling a firearm in a motor vehicle in violation of R.C. 2923.16(B), both felonies of the fourth degree. Following his indictment, Miller pled not guilty to the charges and filed a motion to suppress, which the trial court denied. Thereafter, on September 3, 2015, Miller filed a motion requesting the trial court to grant him intervention in lieu of conviction ("ILC") pursuant to R.C. 2951.041.

{¶ 3} On October 1, 2015, Miller appeared before the trial court to enter a guilty plea to carrying a concealed weapon. In exchange for Miller's guilty plea, the State agreed to dismiss the charge for improperly handling a firearm in a motor vehicle. Prior to Miller entering his guilty plea, the trial court noted that Miller had filed a motion for ILC, that he was eligible for ILC, and that the trial court would proceed with taking his guilty plea to carrying a concealed weapon for purposes of placing him on ILC. Thereafter, the trial court proceeded with a Crim.R. 11 plea colloquy. Following the colloquy, Miller entered his guilty plea to carrying a concealed weapon, which the trial court accepted as

a knowing, intelligent, and voluntary plea.

{¶ 4} Immediately after Miller entered his guilty plea, the trial court placed Miller on ILC and explained that Miller would be supervised by the court's Criminal Justice Department for not less than one year, but no more than five years. The trial court advised Miller that while on ILC he must comply with the court's general conditions for all probationers, as well as other specific conditions imposed by the court. Shortly thereafter, the trial court issued an entry reflecting its decision granting ILC, noting that the court was withholding an adjudication of guilt and staying all criminal proceedings. The entry also set forth the ILC conditions imposed by the trial court.

{¶ 5} Four months after Miller was placed on ILC, the trial court received a request for an ILC revocation hearing on grounds that Miller had allegedly violated various conditions of his ILC plan. On April 7, 2016, the trial court held a revocation hearing, during which time it heard testimony from Miller's probation officer regarding Miller's alleged ILC violations. Miller also testified at the revocation hearing in his defense. After considering the evidence presented at the hearing, the trial court determined that Miller had violated the terms of his ILC plan and revoked ILC. As a result, the trial court ordered Miller's guilty plea to be filed and then sentenced him to serve 180 days in the Montgomery County Jail.

{¶ 6} Miller now appeals from his conviction and sentence, raising one assignment of error for review.

## Assignment of Error

{¶ 7} Miller's sole assignment of error is as follows:

APPELLANT'S PLEA OF GUILTY WAS NOT ENTERED KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY AND SHOULD BE VACATED AND THE CASE REMANDED FOR FURTHER PROCEEDINGS.

**{¶ 8}** Under his sole assignment of error, Miller contends that his guilty plea to carrying a concealed weapon was not knowingly, intelligently, and voluntarily entered because the trial court failed to advise him at the plea hearing that the court could proceed with judgment and sentence upon the acceptance of his guilty plea. Miller also contends that his plea was not knowingly, intelligently, and voluntarily entered because the trial court failed to advise him of the consequences for failing to comply with the terms and conditions of his ILC plan.

**{¶ 9}** In order to be constitutionally valid and comport with due process, a guilty plea must be entered knowingly, intelligently, and voluntarily. *State v. Bateman*, 2d Dist. Champaign No. 2010CA15, 2011-Ohio-5808, ¶ 5, citing *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). " 'In considering whether a guilty plea was entered knowingly, intelligently and voluntarily, an appellate court examines the totality of the circumstances through a *de novo* review of the record to ensure that the trial court complied with constitutional and procedural safeguards.' " (Emphasis sic.) *State v. Redavide*, 2d Dist. Montgomery No. 26070, 2015-Ohio-3056, ¶ 10, quoting *State v. Barner*, 4th Dist. Meigs No. 10CA9, 2012-Ohio-4584, ¶ 7.

**{¶ 10}** "In order for a plea to be knowing, intelligent, and voluntary, the trial court must comply with Crim.R. 11(C)." (Citation omitted.) *State v. Russell*, 2d Dist. Clark No. 10-CA-54, 2011-Ohio-1738, ¶ 6. "Crim.R. 11(C) governs the process that a trial court must use before accepting a felony plea of guilty or no contest." *State v. Veney*,

120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 8. "By following this rule, a court ensures that the plea is knowing, intelligent, and voluntary." *State v. Cole*, 2d Dist. Montgomery No. 26122, 2015-Ohio-3793, citing *Redavide* at ¶ 12.

{¶ 11} Pursuant to Crim.R. 11(C)(2), the trial court may not accept a defendant's guilty plea without first addressing the defendant personally and:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 12} "The trial court must strictly comply with Crim.R. 11(C)(2)(c), as it pertains to the waiver of constitutional rights." *Russell* at ¶ 7, citing *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31. However, the trial court need only substantially comply with the non-constitutional notifications required by Crim.R. 11(C)(2)(a) and (b). *Cole* at ¶ 12, citing *State v. Nero*, 56 Ohio St.3d 106, 108, 564

N.E.2d 474 (1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." (Citations omitted.) *Nero*, at 108.

{¶ 13} In this case, Miller initially contends that the trial court did not substantially comply with the non-constitutional requirements of Crim.R. 11(C)(2)(b), because during the plea colloquy, the trial court failed to advise him that it could proceed to judgment and sentence upon the acceptance of his guilty plea. Although the trial court did not make that advisement at the plea hearing, the record indicates that the advisement was contained in the plea form signed by Miller, which Miller indicated that he read, discussed with his attorney, and understood prior to signing. *See* Plea Hearing Trans. (Oct. 1, 2015), p. 5, 12. The plea form specifically stated that: "The Court also informed me and I understand * * * that the Court, upon the acceptance of my plea(s), may proceed with judgment and sentence." Entry of Waivers and Pleas (Apr. 8, 2016), Montgomery County Case No. 2014 CR 1900, Docket No. 38, p. 1.

{¶ 14} In *State v. Summerall*, 10th Dist. Franklin No. 02AP-321, 2003-Ohio-1652, the Tenth District Court of Appeals held that the trial court substantially complied with Crim.R. 11(C)(2)(b) despite its failure to advise the defendant at the plea hearing that the court may proceed to judgment upon completion of the guilty plea process, because "in the written guilty plea form, which [defendant] acknowledged that he understood and which was explained to him by his counsel, he was informed that the trial court may proceed with sentencing immediately." *Id.* at ¶ 12. *Accord State v. Chance*, 7th Dist. Mahoning No. 11-MA-27, 2012-Ohio-1266, ¶ 14.

{¶ 15} We have similarly found substantial compliance with Crim.R. 11(C)(2)(b)

where the trial court failed to inform the defendant that the effect of his guilty plea was a complete admission of guilt, but the signed plea form stated: "By pleading guilty I admit committing the offense * * *. I enter this plea voluntarily." *State v. Vanover*, 2d Dist. Clark No. 2005 CA 118, 2007-Ohio-1057, ¶ 63.

**{¶ 16}** Because the plea form in the present case contains the specific Crim.R. 11(C)(2)(b) advisement that Miller complains was omitted during the plea colloquy, and because Miller indicated that he read and understood the plea form prior to signing it, we find that under the totality of the circumstances, Miller subjectively understood that the trial court could proceed with judgment and sentence upon accepting his guilty plea. Accordingly, Miller's claim that the trial court failed to substantially comply with Crim.R. 11(C)(2)(b) lacks merit and is overruled.

**{¶ 17}** Next, Miller claims that his plea was invalid because the trial court did not advise him of the consequences for violating the terms and conditions of ILC. We have previously noted that neither Crim.R. 11 nor any other authority requires the trial court to advise a defendant whether he or she is eligible for ILC. *State v. Taylor*, 2d Dist. Montgomery No. 26027, 2014-Ohio-5358, ¶ 7. In turn, we likewise find that Crim.R. 11 does not require the trial court to advise a defendant of the consequences for violating the conditions of ILC. This finding is supported by the language of R.C. 2951.041(C), which indicates that the conditions of ILC are imposed after a guilty plea has been accepted. *See* R.C. 2951.041(C) (providing that if an eligible offender's request for ILC is granted "the court shall accept the offender's plea of guilty * * *[.] In addition, the court *then* may stay all proceedings and order the offender to comply with all terms and conditions imposed by the court pursuant to division (D) of this section."). (Emphasis

added.)   *See also State v. Markusic*, 136 Ohio Misc.2d 31, 2003-Ohio-7372, 847 N.E.2d 73, ¶ 7 (C.P.), ("a court must accept a guilty plea from a defendant before it can order treatment in lieu of conviction"), citing R.C. 2951.041(C).   Therefore, because the imposition of ILC and its conditions are dependent upon the defendant first entering a guilty plea, it would be premature to require the trial court to advise a defendant of the consequences for violating the conditions of ILC before accepting the defendant's plea, as the conditions are not yet imposed at that point in time.

{¶ 18} In determining whether Miller's guilty plea to carrying a concealed weapon was knowing, intelligent, and voluntary, we are simply tasked with determining whether the trial court met the requirements of Crim.R. 11, which does not include a requirement that the trial court discuss ILC or the consequences of violating ILC.   Rather, as it relates to Miller's argument here, the trial court was merely required to inform him of the maximum penalty that could be imposed if he were to enter a guilty plea, something which the trial court did.   In conducting a de novo review of the record, we find that all of the requirements in Crim.R. 11 were satisfied and that Miller's guilty plea was knowingly, intelligently, and voluntarily entered.   Because Miller's guilty plea was entered knowingly, intelligently, and voluntarily in accordance with Crim.R. 11, Miller's sole assignment of error is overruled.

**Conclusion**

{¶ 19} Having overruled Miller's sole assignment of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and FROELICH, J., concur.

Copies mailed to:

Mathias H. Heck, Jr.
Michael J. Scarpelli
James S. Armstrong
Hon. Mary Lynn Wiseman