[Cite as *State v. Scerba*, 2014-Ohio-3002.]

IN THE COURT OF APPEALS FOR CLARK COUNTY, OHIO

STATE OF OHIO                                     :

    Plaintiff-Appellee                        :          C.A. CASE NO. 2013 CA 96

v.                                                :          T.C. NO.    13CR462

GENE SCERBA                                       :          (Criminal appeal from
                                         Common Pleas Court)
    Defendant-Appellant                       :

                                      :

. . . . . . . . . .

**O P I N I O N**

Rendered on the _____3rd_____ day of _____July_____, 2014.

. . . . . . . . . .

RYAN A. SAUNDERS, Atty. Reg. No. 0091678, Assistant Prosecuting Attorney, 50 E. Columbia Street, Suite 449, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

AMY E. FERGUSON, Atty. Reg. No. 0088397, 130 W. Second Street, Suite 1818, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, P.J.

{¶ 1}    Gene Scerba appeals from a judgment of the Clark County Court of Common Pleas, which found him guilty on his guilty plea of attempted robbery, and sentenced him to 18 months of imprisonment.

**{¶ 2}** For the following reasons, the judgment of the trial court will be affirmed.

**{¶ 3}** On June 24, 2013, Scerba was indicted on one count of robbery, during which he inflicted, attempted to inflict, or threatened physical harm, a felony of the second degree. R.C. 2911.02(A)(2). The alleged offense occurred on June 15, 2013. According to the bill of particulars and the description of the facts at the plea hearing, Scerba had entered a Rite-Aid store in Springfield, concealed Glade plug-ins, and attempted to leave the store without paying for them. When he was confronted by a store employee, she was knocked to the ground as he fled.

**{¶ 4}** On September 16, 2013, Scerba entered a guilty plea to the charged offense. The next day, he informed his attorney that he wanted to withdraw his plea; the attorney filed a motion to that effect on October 3, 2013. On October 8, 2013, the trial court sustained Scerba's motion to withdraw his plea and scheduled the trial for October 16.

**{¶ 5}** On October 10, defense counsel filed a motion to withdraw as Scerba's attorney, indicating that he and Scerba disagreed about whether to enter a plea and that "effective communication between defendant and counsel no longer exists." After a brief hearing, the motion was denied.

**{¶ 6}** On October 15, 2013, Scerba entered a guilty plea to attempted robbery, a felony of the fourth degree; the parties agreed that Scerba would serve the maximum sentence, 18 months, with credit for time served. The court accepted the plea and imposed the 18-month sentence.

**{¶ 7}** Scerba appeals, raising two assignments of error.

**{¶ 8}** Scerba's first assignment of error states:

**Mr. Scerba's plea was not voluntary or knowing.**

{¶ 9} Scerba contends that the withdrawal of his first plea in this case should have been a "red flag" to the court with respect to whether he wanted to enter and understood his second plea. He also asserts that, at the second plea, the trial court did not comply with Crim.R. 11 because it never inquired whether he was actually guilty.

{¶ 10} An appellate court must determine whether the record affirmatively demonstrates that a defendant's plea was made knowingly, intelligently, and voluntarily. *State v. Russell*, 2d Dist. Montgomery No. 25132, 2012-Ohio-6051, ¶ 7. "If a defendant's guilty plea is not knowing and voluntary, it has been obtained in violation of due process and is void." *State v. Brown*, 2d Dist. Montgomery Nos. 24520 and 24705, 2012-Ohio-199, ¶ 13, citing *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). In order for a plea to be given knowingly and voluntarily, the trial court must follow the mandates of Crim.R. 11(C). *Brown* at ¶ 13.

{¶ 11} Crim.R. 11(C)(2) requires the court to (a) determine that the defendant is making the plea voluntarily, with an understanding of the nature of the charges and the maximum penalty, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions; (b) inform the defendant of and determine that the defendant understands the effect of the plea of guilty and that the court, upon acceptance of the plea, may proceed with judgment and sentencing; and (c) inform the defendant and determine that he understands that, by entering the plea, the defendant is waiving the rights to a jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses, and to require the State to prove his guilt beyond a

reasonable doubt at a trial at which he cannot be compelled to testify against himself. *State v. Brown*, 2d Dist. Montgomery No. 21896, 2007-Ohio-6675, ¶ 3.

{¶ 12} The Supreme Court of Ohio has urged trial courts to literally comply with Crim.R. 11. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 29. However, because Crim.R. 11(C)(2)(a) and (b) involve non-constitutional rights, the trial court need only substantially comply with those requirements. *E.g., State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Id.* In contrast, the trial court must strictly comply with Crim.R.11(C)(2)(c), as it pertains to the waiver of federal constitutional rights. *Clark* at ¶ 31.

{¶ 13} Furthermore, when non-constitutional rights are at issue, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made generally must show a prejudicial effect. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 17. Prejudice in this context means that the plea would otherwise not have been entered. *Id.* at ¶ 15.

{¶ 14} The trial court fully complied with Crim.R. 11(C)(2)(c) by advising Scerba of the constitutional rights he would be waiving by entering his plea. Moreover, the court complied with Crim.R. 11(C)(2)(a) and (b) by inquiring whether Scerba's plea was voluntarily entered, whether he had been threatened or any promises had been made to him, and explaining the effect of the plea and the possible penalties. All of Scerba's responses indicated that he understood his plea and its consequences and entered the plea knowingly

and voluntarily.

{¶ 15}   Scerba's brief emphasizes that he had previously withdrawn a plea in this case and suggests that, in this context, the court should have seen "red flags" and should have assumed "that Scerba had trouble processing the situation and * * * [a] lack of understanding of the proceedings."   However, the transcripts of the plea hearings do not support such an inference.   In both instances, Scerba indicated his understanding of the proceedings, his willingness to enter a plea voluntarily and knowingly, and his understanding that he could, instead, proceed to trial.

{¶ 16}   At the first plea hearing, Scerba pled guilty to robbery, and he faced a potential prison sentence of eight years.   At the second plea hearing, he pled guilty to attempted robbery, and the parties' agreement included an agreed sentence of 18 months. Scerba expressed some reservations at the first plea hearing about his admission, stating "I believe I did not inflict physical harm on her [the store clerk].   I ran toward the door and that's it.   I didn't put my hands on her or nothing."   (The clerk apparently fell or was pushed to the ground as Scerba ran past her while fleeing from the store.)   But he expressed no such reservation at the second plea hearing.   Based on Scerba's affirmative representations at the second plea hearing that he understood his plea and was entering it voluntarily, as well as the reduced sentence he faced at that time and that the reduced charge apparently removed the infliction of physical harm allegation to which Scerba had objected with the robbery charge, the trial court could have reasonably concluded that Scerba's reservations about the prior plea and his withdrawal of that plea had no bearing on the voluntariness of the second plea.

{¶ 17}    Scerba also contends that the trial court "should have inquired if he was pleading guilty because he 'was in fact guilty,'" i.e., it should have inquired as to his actual guilt.   However, while this is a good practice, a counseled guilty plea is an admission of factual guilt, and Crim.R. 11 does not require an inquiry as to actual guilt; it is enough in this case that the defendant understands the effect of his plea.   *See State v. Scates,* 8th Dist. Cuyahoga No. 48673, 1985 WL 9019 (May 16, 1985), * 2, citing *Menna v. New York*, 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 1995 (1975); *State v. Mapson*, 8th Dist. Cuyahoga No. 35011, 1976 WL 191031 (Nov. 24, 1976).

{¶ 18}    The first assignment of error is overruled.

{¶ 19}    The second assignment of error states:

**Ineffective assistance of counsel existed due to conflicting interests in the direction of Scerba's case.   This affected the voluntariness of Mr. Scerba's guilty plea.**

{¶ 20}    Scerba contends that his attorney was in favor of the plea agreement, whereas he (Scerba) was not, and that this "conflict of interest" rendered his plea involuntary and rendered his counsel ineffective.

{¶ 21}    We review alleged instances of ineffective assistance of trial counsel under the two prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by the Supreme Court of Ohio in *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989).   Pursuant to those cases, trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance.   *Strickland*, 466 U.S. at 688.   To reverse a conviction based on ineffective

assistance of counsel, it must be demonstrated that trial counsel's conduct fell below an objective standard of reasonableness and that his or her errors were serious enough to create a reasonable probability that, but for the errors, the result of the trial would have been different. *Id*.

{¶ 22} Scerba asserts that "counsel's own personal interests did not coincide with taking his case to trial," as evidenced by counsel's attempt to withdraw as counsel before trial; Scerba does not attempt to identify these "personal interests." Counsel filed a motion to withdraw on October 10, 2013, which was after the withdrawal of Scerba's initial plea and before the entry of his second plea; the trial was scheduled for October 16. The motion cited a breakdown in "effective communication" because counsel had recommended the former plea of guilty. At the hearing on the motion to withdraw as counsel, which was held on October 15, counsel reiterated that he felt he should not represent Scerba further because he (counsel) "went over this case a number of times about the guilty plea. I've advised him strongly to accept that, Your Honor."[1] Scerba stated that he had no position on the motion to withdraw. The trial court overruled the motion without stating its reasons for doing so.

{¶ 23} Although Scerba and his counsel may have had some disagreement as to whether a plea was in Scerba's best interest in this case, there is no indication in the record or in Scerba's brief that counsel did not adequately advise Scerba with respect to the options before him or coerced him into accepting a plea. Scerba has failed to demonstrate that trial counsel's conduct fell below an objective standard of reasonableness in any way or that

---

[1]In the motion to withdraw, counsel seems to state that he recommended that Scerba enter the initial plea. Counsel's statements at the hearing on the motion to withdraw are somewhat more ambiguous as to whether the issue lay with the first plea or the one that was (presumably) under consideration at the time of the hearing on the motion to withdraw.

counsel committed any error, much less a serious one affecting the outcome of the proceedings.

**{¶ 24}** Moreover, a difference of opinion as to the wisdom of entering a plea is not a "conflict of interest," as that term is used in the cases on which Scerba relies. See *Cuyler v. Sullivan*, 446 U.S. 335, 349, 100 S.Ct. 1708, 1719, 64 L.Ed.2d 333 (1980) (involving the representation of multiple defendants charged with the same crime); *Wood v. Georgia*, 450 U.S. 261, 101 S.Ct. 1097, 67 L.Ed.2d 220 (1981) (holding that a situation in which an owner of an adult theater and bookstore and his employees were represented by the same attorney, who was paid by the employer, and the employees were convicted of distributing obscene materials from the business, may have violated the employees' due process rights).

**{¶ 25}** We find no evidence in the record which would indicate that the alleged disagreement between Scerba and his attorney resulted in ineffective assistance of counsel and rendered the plea on which Scerba was convicted involuntary.

**{¶ 26}** The second assignment of error is overruled.

**{¶ 27}** The judgment of the trial court will be affirmed.

. . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies mailed to:

Ryan A. Saunders
Amy E. Ferguson
Hon. Douglas M. Rastatter