OPINION
{¶ 1} Defendant-appellant Christopher Young appeals from an order of the Greene County Court of Common Pleas denying his motion to withdraw his presentence plea of guilty to burglary and theft charges. Young contends that the trial court abused its discretion by denying the motion, because his evidence demonstrated a bona fide basis for seeking, before sentence, to withdraw his plea, amounting to more than a mere change of heart, and motions to withdraw pleas of guilty made before sentence is imposed should be freely and liberally allowed. We agree. Accordingly, the order of the trial court denying Young's motion to withdraw his guilty plea is Reversed, and this cause is Remanded for further proceedings consistent with this opinion.
 I {¶ 2} In April, 2003, Young was indicted for burglary and theft. The alleged offenses occurred on or about February 28, 2003, at a residence located at 1995 Skyview in Beavercreek. Young pled guilty as charged on August 8, 2003, pursuant to a plea agreement whereby the State agreed not to oppose a sentence of community control sanctions, with a drug and alcohol assessment and recommended treatment. Young was represented by an attorney when he entered this plea.
 {¶ 3} At the plea hearing, Young indicated that he had completed eleven years of school and that he understood the plea and the rights he was waiving by entering a plea agreement. He stated that he had difficulty reading but acknowledged that counsel had read the entire Petition to Enter a Plea of Guilty to him. In keeping with Crim.R. 11(C), the trial court asked Young numerous questions to verify his understanding of the effects of the plea. Young also indicated that he was "totally satisfied" with his attorney's representation. There was no indication at this hearing that Young had any connection with the house that he was alleged to have burglarized or its owners. The trial court found Young guilty and ordered a presentence investigation.
 {¶ 4} On October 10, 2003, Young, who was represented by a new attorney, filed a motion to withdraw his plea on the basis that he had "had permission to be in the household where the alleged thefts took place, thereby negating the element of trespassing in an occupied structure." At a hearing conducted on October 14, 2003, Young's father, Richard Young, testified that he lived in the house at 1995 Skyview and that Young had lived there sometimes as well. He stated that Young had permission to be in the house in early 2003, although Young had also spent a considerable amount of time at his grandmother's house and had attended school in the grandmother's school district. Richard Young testified that his wife, Young's stepmother, had been "mistaken" when she told the police in March, 2003, that Young did not live in their house, but with his grandmother. He testified that he had never been contacted by his son's previous attorney, and that all of his property had been returned.
 {¶ 5} Young also testified at the hearing. Young stated that he had lived with his father at the time of the alleged burglary and theft. Young claimed that he had kept clothing at his father's house and had his own room and telephone line there. He claimed that he had discussed these facts with his first attorney, but that the attorney had been dismissive of this information. Young said that he had been following the advice of his mother when he entered his plea, and that he had not understood his plea. He also claimed that his attorney had assured him of probation, although they had talked about the maximum six-year sentence. Young further testified that he was learning disabled; i.e., that he was "slow."
 {¶ 6} The trial court overruled the motion to withdraw the plea, and Young was sentenced to two years of incarceration for burglary and eleven months for theft, to run concurrently.
 II {¶ 7} Young raises two assignments of error on appeal. Because the issue raised under the second assignment is also pertinent to the first assignment, we will address them together.
1. "The trial court erred in overruling appellant's motion to withdraw his plea prior to sentencing where he established a valid defense and his counsel was less than effective."
2. "The trial court erred in failing to grant the appellant[`s] motion to withdraw his plea before sentencing when the appellant establishes that he received ineffective assistance of counsel."
 {¶ 8} Young contends that the trial court erred in refusing to allow him to withdraw his plea.
 {¶ 9} Pursuant to Crim.R. 32.1, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea." "Thus, the rule gives a standard by which postsentence withdrawals of guilty pleas may be evaluated — the `manifest injustice' standard. However, the rule itself gives no guidelines for a trial court to use when ruling on a presentence motion to withdraw a guilty plea." State v. Xie (1992),62 Ohio St.3d 521, 526, 584 N.E.2d 715. Based in part on the similarly worded Fed.R.Crim.P. 32(d) and federal courts' interpretations of that rule, the Supreme Court of Ohio has adopted the view that a presentence motion to withdraw a guilty plea "should be freely and liberally granted." Id. at 527. However, a defendant does not have an absolute right to withdraw a plea prior to sentencing, and whether to permit the withdrawal of a guilty plea is commended to the trial court's discretion. Id.
 {¶ 10} We review the trial court's refusal to allow the withdrawal of Young's plea in light of the nine factors set forth in State v. Fish (1995), 104 Ohio App.3d 236, 240,661 N.E.2d 788, four of which come from the frequently quoted case of Statev. Peterseim (1979), 68 Ohio App.2d 211, 428 N.E.2d 863. The nine factors are:
 {¶ 11} "(1) whether the accused is represented by highly competent counsel, (2) whether the accused was given a full Crim.R. 11 hearing before entering the plea, (3) whether a full hearing was held on the motion, (4) whether the trial court gave full and fair consideration to the motion, (5) whether the motion was made within a reasonable time, (6) whether the motion sets out specific reasons for the withdrawal, (7) whether the accused understood the nature of the charges and possible penalties, (8) whether the accused was perhaps not guilty of or had a complete defense to the charge or charges, and (9) whether the state is prejudiced by withdrawal of the plea."
 {¶ 12} This list is not exhaustive, and other factors will warrant consideration depending upon the merits of each individual case. Id.
 {¶ 13} In this case, there is no dispute as to many of the other factors set forth in Fish, such as the thoroughness of the Crim.R. 11 hearing, the specificity of the reasons given for the withdrawal, and the lack of prejudice to the State by the withdrawal of the plea. Moreover, the motion was filed within a reasonable time, and the court gave Young a full hearing on the motion.
 {¶ 14} Young focuses on the following issues: the possibility of a defense to the charges and the competence of his counsel. Young claims that he should have been allowed to withdraw his plea because he had a valid defense to present. This argument is based on Richard Young's testimony that his son had sometimes resided at the location of the alleged burglary, obviating the trespass element of the offense of burglary. Young similarly testified that he had lived with his father at the time of the alleged offenses. He also claims that he should have been allowed to withdraw his plea because he had not been represented by competent counsel at the time of the plea. The alleged inadequacy of the attorney was premised on counsel's failure to contact the victims of the offense (Young's family), failure to "consider whether [Young] could even be convicted of burglarizing a home in which he resides," and alleged representation that Young would be sentenced to probation.
 {¶ 15} Viewed as a whole, and keeping in mind that a pre-sentence motion to withdraw a plea is to be freely granted, we conclude that the trial court should have permitted the withdrawal of Young's plea based on his presentation of evidence suggesting that he might have a complete defense. Young's testimony and that of his father, an alleged victim, strongly suggest that the State would be unable to prove an essential element of the offense of burglary. If a presentence motion to withdraw a plea is to be "freely and liberally granted," it should be granted where the evidence suggests that the defendant may not be guilty of the offense, even if other factors do not weigh in favor of the withdrawal. In coming to this conclusion, we recognize that the State does not concede that the testimony of Young and his father, even if credited in full, would establish a defense to the charge of burglary, contending, as it does, that any permission Young had to be in the home was vitiated when he committed a theft offense. The viability of Young's defense is yet to be tested at trial. It is sensitive to facts including his awareness of his companions' purposes in entering the house, who actually committed the theft, and his ratification of, or disavowal of, his companions' purposes while in the house. All we conclude at this time is that Young has a significant potential for a defense to the burglary charge, at least, of which he appears to have been unaware at the time he tendered his plea. This is a substantial basis upon which to base a pre-sentence motion to withdraw a guilty plea, amounting to more than a mere change of heart, which has been found insufficient to justify even a pre-sentence motion to withdraw a plea.
 {¶ 16} We also give some credence to Young's claim that his trial attorney had not conducted a reasonable inquiry into his relationship with the alleged victims. Although we are not persuaded by Young's argument that the name of the victims — Young — without more, should have prompted the attorney to inquire as to whether they were related to him, we do think that a reasonably competent attorney would have inquired about the existence of a relationship between his client and the alleged victims, particularly for an offense, like burglary, where consent to be upon the victims' premises may be an important issue. The fact that an inquiry along these lines does not appear to have been made provides further support for our conclusion that the trial court should have permitted the withdrawal of Young's plea.
 {¶ 17} The record of the plea hearing does not support Young's claim that his attorney had assured him of a sentence of probation. We need not discuss this claim, however, in light of our conclusion that the trial court should have permitted the withdrawal of his plea on other bases.
 {¶ 18} The assignments of error are sustained.
 III {¶ 19} The assignments of error having been sustained, the order of the trial court denying Young's motion to withdraw his plea is Reversed, and this cause is Remanded for further proceedings consistent with this opinion.
Grady, J., concurs.