[Cite as *State v. Bell*, 2011-Ohio-5016.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

STATE OF OHIO                          :

     Plaintiff-Appellee           :    C.A. CASE NO. 24356

vs.                                    :    T.C. CASE NO. 10CR513

SHAQUANA BELL                          :    (Criminal Appeal from
                                    Common Pleas Court)
     Defendant-Appellant          :

. . . . . . . . .

O P I N I O N

Rendered on the 30th day of September, 2011.

. . . . . . . . .

Mathias H. Heck, Jr., Pros. Attorney; Johnna M. Shia, Asst. Pros. Attorney, Atty. Reg. No. 0067685, P.O. Box 972, Dayton, OH 45422
     Attorneys for Plaintiff-Appellee

William T. Daly, Atty. Reg. No. 0069300, 1250 W. Dorothy Lane, Suite 105, Kettering, OH 45409
     Attorney for Defendant-Appellant

. . . . . . . . .

GRADY, P.J.:

{¶ 1} Defendant, Shaquana Bell, appeals from her conviction and sentence for aggravated burglary and intimidation of a crime victim.

{¶ 2} Defendant was indicted on one count of aggravated

burglary-deadly weapon, R.C. 2911.11(A)(2), with a three year firearm specification, R.C. 2941.145, one count of felonious assault-deadly weapon, R.C. 2903.11(A)(2), with a three year firearm specification, R.C. 2941.145, and one count of intimidation of a crime victim by force or threat, R.C. 2921.04(B). Defendant entered pleas of guilty to the aggravated burglary and intimidation of a crime victim charges. In exchange, the State dismissed the firearm specification attached to the aggravated burglary charge as well as the felonious assault charge and its firearm specification. The trial court sentenced Defendant to consecutive prison terms of three years for aggravated burglary and one year for intimidation of a crime victim, for an aggregate sentence of four years.

{¶ 3} Defendant timely appealed to this court from her conviction and sentence.

### FIRST ASSIGNMENT OF ERROR

{¶ 4} "THE TRIAL COURT FAILED TO MEET THE REQUIREMENTS OF CRIMINAL RULE 11(C)(2) AND FAILED TO ADVISE THE DEFENDANT, DURING THE RULE 11 DIALOGUE, OF HER RIGHT TO WAIVE A JURY TRIAL, PRIOR TO ACCEPTING DEFENDANT'S GUILTY PLEA."

### SECOND ASSIGNMENT OF ERROR

{¶ 5} "THE TRIAL COURT DID NOT ADVISE THE DEFENDANT THAT HER PLEA OF GUILTY WAS A COMPLETE ADMISSION OF GUILT."

{¶ 6}  In these related assignments of error, Defendant argues that her guilty pleas were not entered knowingly, intelligently and voluntarily because, in accepting her pleas, the trial court failed to comply with the requirements in Crim.R. 11(C)(2) in two respects: (1) the trial court failed to advise Defendant that she could waive her right to a jury trial and instead be tried by the court, and that her guilty pleas likewise waived her right to a bench trial; (2) the trial court failed to advise Defendant about the effect of her guilty pleas: that they were a complete admission of her guilt.

{¶ 7}  To be constitutionally valid and comport with due process, a guilty plea must be entered knowingly, intelligently, and voluntarily.  *Boykin v. Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274.  Compliance with Crim.R. 11(C)(2) in accepting guilty or no contest pleas portrays those qualities. *State v. Fisher,* Montgomery App. No. 23992, 2011-Ohio-629, at ¶6.

{¶ 8}  Crim. R. 11(C)(2) provides:

{¶ 9}  "In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

{¶ 10} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and

of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

{¶ 11} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

{¶ 12} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."

{¶ 13} In *State v. Russell*, Clark App. No. 10CA54, 2011-Ohio-1738, we stated:

{¶ 14} "¶7. The Supreme Court of Ohio has urged trial courts to literally comply with Crim.R. 11. *Clark* at ¶ 29. The trial court must strictly comply with Crim.R. 11(C)(2)(c), as it pertains to the waiver of constitutional rights. *Clark* at ¶ 31. The failure to adequately inform a defendant of his constitutional rights would invalidate a guilty plea under a presumption that it was entered involuntarily and unknowingly. *State v. Griggs,* 103 Ohio St.3d

85, 2004-Ohio-4415, ¶ 12.

{¶ 15} "¶8. However, because Crim.R. 11(C)(2)(a) and (b) involve non-constitutional rights, the trial court need only substantially comply with those requirements. *State v. Nero* (1990), 56 Ohio St.3d 106, 108; *Greene* at ¶ 9. Substantial compliance means that, under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving. *State v. Miller,* Clark App. No. 08 CA 90, 2010-Ohio-4760, ¶ 8, citing *State v. Veney,* 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 15. A defendant who challenges his guilty plea on the ground that the trial court did not substantially comply with Crim.R. 11(C)(2)(a) and (b) must show a prejudicial effect, which requires the defendant to show that the plea would otherwise not have been entered. *Griggs* at ¶ 12."

{¶ 16} The record of the plea colloquy in this case demonstrates that the trial court strictly complied with Crim.R. 11(C)(2)(c) in advising Defendant of the various constitutional rights she would be giving up by entering pleas of guilty, including the right to a jury trial. Furthermore, Defendant signed a written waiver acknowledging that she understood that by pleading guilty she was giving up her right to a jury trial. Defendant complains, however, that the trial court did not inform her that she had the right to both waive a jury trial and instead be tried before the court

pursuant to R.C. 2945.05, and that Defendant's guilty pleas waived that right to a bench trial.

{¶ 17} The right to trial by jury is guaranteed by the Sixth Amendment to the Constitution of the United States. Prior to accepting a guilty plea, the court must inform the defendant of that right. *State v. Ballard* (1981), 66 Ohio St.2d 473. The right to instead be tried by the court that R.C. 2945.05 confers is a non-constitutional right. Crim.R. 11(C)(2) does not require the trial court to advise a defendant that she has the right to be tried by the court when she waives a jury trial. Neither is the court then required to advise the defendant that her pleas of guilty waive her right to a bench trial. Crim.R. 11(C)(2) only requires that Defendant be advised, and the court to determine that she understands, that her plea of guilty waives her right to a jury trial, which the trial court did in this case.

{¶ 18} Defendant additionally complains that the trial court failed to advise her of the effect of her guilty pleas, as required by Crim.R. 11(C)(2)(b). During the plea, the trial court did not advise Defendant or ask if she understood that her guilty plea was a complete admission of her guilt. Crim.R.11(B)(1), (C)(2)(b). Nevertheless, such an omission is not presumed to be prejudicial under the facts in this case.

{¶ 19} In *State v. Russell, supra*, at ¶10-11, this court stated:

{¶ 20} "[A] defendant who has entered a guilty plea without asserting actual innocence is presumed to understand that, by pleading guilty, he has completely admitted his guilt. *Griggs,* supra. In such circumstances, the trial court's failure to inform the defendant of the effect of his guilty plea, as required by Crim.R. 11(C), is presumed not to be prejudicial. *Id.; State v. Thomas,* Cuyahoga App. No. 94788, 2011-Ohio-214, ¶ 32.

{¶ 21} "{¶ 11} Russell has not claimed that he was innocent of the charges. Moreover, Russell signed a plea form, in which he stated that he understood that he was waiving his constitutional rights and that 'by pleading guilty I admit committing the offense and will tell the Court the facts and circumstances of my guilt. I know the judge may either sentence me today or refer my case for a presentence report. * * *.' Russell stated at the plea hearing that he had reviewed, understood, and signed the plea form. The court did not proceed directly with sentencing; instead, it referred the matter for a presentence investigation. Under these circumstances, Russell's plea was not rendered invalid by the court's failure to orally inform him of the effect of his guilty plea or that the court may proceed with judgment and sentencing."

{¶ 22} The same is true in this case. Defendant never asserted at the plea hearing that she was innocent of the charges. To the contrary, the trial court asked Defendant: "Do you admit that you

caused or threatened to cause physical harm to the person in the commission of this offense?" Defendant responded: "Yes." It is presumed that Defendant understood that by then pleading guilty she has completely admitted her guilt. *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415. The substantial compliance standard is satisfied. Defendant's guilty pleas are not rendered invalid by the trial court's failure to also orally inform her of the effect of her guilty pleas, which is presumed not to be prejudicial. *Id*.

{¶ 23} Defendant's first and second assignments of error are overruled. The judgment of the trial court will be affirmed.

DONOVAN, J. And WAITE, J., concur.

(Hon. Cheryl L. Waite, Seventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.)

Copies mailed to:

Johnna M. Shia, Esq.
William T. Daly, Esq.
Hon. Barbara P. Gorman