[Cite as *State v. Portis*, 2014-Ohio-3641.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CLARK COUNTY

STATE OF OHIO

     Plaintiff-Appellee

v.

JERMAINE PORTIS

     Defendant-Appellant


Appellate Case No.    2013-CA-53

Trial Court Case No.   2011-CR-631


(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

# O P I N I O N

Rendered on the 22nd day of August, 2014.

. . . . . . . . . . .

RYAN A. SAUNDERS, Atty. Reg. No. 0091678, Assistant Clark County Prosecutor, 50 East Columbia Street, 4th Floor, Springfield, Ohio 45502
     Attorney for Plaintiff-Appellee

JOHN J. SCACCIA, Atty. Reg. No. 0022217, 1814 East Third Street, Dayton, Ohio 45403
     Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Jermaine Portis, appeals from his conviction and sentence in the Clark County Court of Common Pleas following his guilty plea to possession of heroin. For the reasons outlined below, the judgment of the trial court will be affirmed.

**Facts and Course of Proceedings**

{¶ 2} On September 12, 2011, Portis was indicted on one count of possessing heroin and one count of possessing crack cocaine, both in violation of R.C. 2925.11(A), as well as two counts of trafficking drugs in violation of R.C. 2925.03(A)(2). Each count included two specifications: (1) the offenses were committed in the vicinity of a juvenile; and (2) the grand jury found that $1,572 belonging to Portis was subject to forfeiture as proceeds derived from the indicted offenses. On September 19, 2011, Portis pled not guilty to all the charges.

{¶ 3} Following his plea, Portis filed a motion to suppress on November 22, 2011. In the motion, Portis moved to suppress statements he made to police prior to being Mirandized; however, the State later agreed that it would not use Portis's statements at trial. Portis also moved to suppress evidence seized during an August 19, 2011 search of his residence on grounds that there were alleged deficiencies in the warrant used to effectuate the search. On April 2, 2012, the trial court held a hearing on the motion to suppress. An additional suppression hearing was also held on April 26, 2012. After reviewing the testimony and evidence in the record, on April 27, 2012, the trial court issued an entry overruling Portis's motion to suppress. Trial was

then scheduled for June 20, 2012.

{¶ 4}    The day of trial, the parties presented the trial court with a written plea agreement in which Portis agreed to plead guilty to one count of possessing heroin in an amount greater than 10 grams, but less than 50 grams, in violation of R.C. 2925.11(A), a felony of the second degree. Portis also agreed to forfeit the $1,572 as proceeds derived from the offense. In exchange, the State agreed to dismiss all remaining counts of the indictment. After questioning Portis at the plea hearing, the trial court found that his plea was knowingly, intelligently and voluntarily made. Accordingly, the trial court accepted his plea and ordered a presentence investigation report for sentencing.

{¶ 5}    On July 18, 2012, the trial court sentenced Portis to five years in prison, three years of mandatory post-release control, and a two-year license suspension. Almost a year later, on June 29, 2013, this court granted Portis leave to file a delayed appeal from his conviction and sentence, in which Portis raised two assignments of error.

**Assignment of Error No. I**

{¶ 6}    Portis's First Assignment of Error is as follows:

THE TRIAL COURT COMMITTED ERROR IN FAILING TO ADVISE MR. PORTIS' [sic] THAT A GUILTY PLEA WAS A WAIVER OF HIS RIGHT TO APPEAL PRE[-]PLEA ISSUES SUCH AS THOSE ARISING FROM HIS MOTION TO SUP[P]RESS.

{¶ 7}    Under his First Assignment of Error, Portis claims the trial court erred in failing to advise him of the effect of pleading guilty as required by Crim.R. 11(C)(2). Specifically, he

claims the trial court failed to inform him that pleading guilty would waive his right to appeal from the trial court's decision overruling his motion to suppress. Portis claims that this alleged error rendered his plea less than voluntary, and as a result, his right to appeal from the trial court's decision on his motion to suppress was not waived. We disagree.

{¶ 8} "[A] guilty plea waives all appealable errors that may have occurred in the trial court, unless such errors precluded the defendant from knowingly, intelligently, and voluntarily entering the guilty plea." *State v. Blessing*, 2d Dist. Clark No. 2011 CA 56, 2013-Ohio-392, ¶ 14, citing *State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991), paragraph two of the syllabus. (Other citations omitted.) For felony cases, "[a] trial court may show that a guilty plea was made knowingly, intelligently and voluntarily by complying with Crim. R. 11(C)(2)." (Citations omitted.) *State v. Richie*, 2d Dist. Montgomery No. 25681, 2014-Ohio-1114, ¶ 5.

{¶ 9} "Crim.R. 11(C)(2) requires the court to (a) determine that the defendant is making the plea voluntarily, with an understanding of the nature of the charges and the maximum penalty, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions; (b) inform the defendant of and determine that the defendant understands the effect of the plea of guilty and that the court, upon acceptance of the plea, may proceed with judgment and sentencing; and (c) inform the defendant and determine that he understands that, by entering the plea, the defendant is waiving the rights to a jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses, and to require the State to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself." *State v. Scerba*, 2d Dist. Clark No. 2013 CA 96, 2014-Ohio-3002, ¶ 11, citing *State v. Brown*, 2d Dist. Montgomery No. 21896, 2007-Ohio-6675,

¶ 3.

**{¶ 10}** As noted above, section (b) of Crim. R. 11(C)(2) requires the trial court to inform the defendant of the effect of his guilty plea and to determine whether he understands that effect. In *State v. Satterwhite*, 2d Dist. Montgomery No. 23142, 2009-Ohio-6593, we found that Crim.R. 11(C)(2)(b) does not require the trial court to inform a criminal defendant that a guilty plea will forfeit his ability to assign as error any claimed errors in pretrial rulings. *Id*. at ¶ 47. We further held that the trial court's duty under Crim.R. 11(C)(2)(b), "does not require the trial court to conduct [a] specific inquiry into the defendant's understanding of the effect of a guilty plea on the appealability of adverse pre-trial rulings, where a defendant's misunderstanding of that effect is not apparent from the record." *Id*. at ¶ 48. However, "a trial court has not substantially complied with [Crim.R. 11(C)(2)(b)] when it says something during the plea colloquy, even inadvertently, that is likely to cause the defendant to misunderstand this specific effect of a guilty plea, or to contribute significantly to a defendant's misunderstanding in that regard." *Id*.

**{¶ 11}** To satisfy the effect-of-plea requirement under Crim.R. 11(C)(2)(b), a trial court instead must inform the defendant, either orally or in writing, of the language in Crim.R. 11(B), which defines "effect of guilty plea" as "a complete admission of the defendant's guilt." *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, paragraph two of the syllabus, ¶ 23-24, 51; *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 10; Crim.R. 11(B)(1). "The information that a guilty plea is a complete admission of guilt, along with the other information required by Crim.R. 11, ensures that defendants enter pleas with knowledge of rights that they would forgo and creates a record by which appellate courts can determine whether pleas are entered voluntarily." (Citations omitted.) *Griggs* at ¶ 11. "A defendant who has

entered a guilty plea without asserting actual innocence is presumed to understand that he has completely admitted his guilt." *Id*. at syllabus.

{¶ 12} That said, contrary to Portis's claim otherwise, the trial court did not have a duty under Crim.R. 11(C)(2) to inform him that his guilty plea would result in the waiver of his right to appeal issues raised in adverse pretrial rulings. Rather, our decision in *Satterwhite* establishes that the trial court would only have to inform him of this if a misunderstanding was apparent from the record or if the trial court said something that would have likely caused the defendant to misunderstand that specific effect. Here, the plea form, which Portis said he reviewed with his attorney and understood before signing, stated that he understood his "limited appellate rights." Plea of Guilty Form (June 20, 2012), Clark County Court of Common Pleas Case No. 2011-CR-631, Docket No. 19, p. 2-3. The record is devoid of any evidence indicating that he somehow misunderstood what those appellate rights were. In addition, the trial court did not say anything during the plea hearing that would have caused Portis to misunderstand the effect his guilty plea would have on his ability to appeal pretrial rulings. Therefore, because there was no indication of a misunderstanding, the trial court was not required to conduct a specific inquiry into whether Portis understood that his guilty plea would waive his right to appeal pretrial rulings, including the trial court's decision overruling his motion to suppress.

{¶ 13} Moreover, the record establishes that the trial court substantially complied with all the other requirements under Crim.R. 11(C)(2)(a) and (b), and strictly complied with the requirements under Crim.R. 11(C)(2)(c).[1] During the plea hearing, the trial court recited the

---

[1] "The trial court must strictly comply with Crim.R. 11(C)(2)(c), as it pertains to the waiver of constitutional rights." (Citation omitted.) *State v. Bell*, 2d Dist. Montgomery No. 24356, 2011-Ohio-5016, ¶ 14. "[B]ecause Crim.R. 11(C)(2)(a) and (b) involve non-constitutional rights, the trial court need only substantially comply with those requirements. Substantial compliance means that, under

elements of the possession charge against Portis, and Portis indicated that he understood the nature of the charge. Portis also indicated that he was making his plea voluntarily, and that he understood he faced a maximum penalty of eight years in prison, a $15,000 fine, and a five-year license suspension. He also acknowledged that a prison sentence was mandatory for two years, and that upon his release from prison, he would be placed on post-release control for a mandatory three years. In addition, the plea form signed by Portis advised him that "by pleading guilty [he] admit[s] committing the offense" and acknowledged that "the judge may either sentence [him] today or refer [his] case for a presentence report." Plea of Guilty Form (June 20, 2012), Clark County Court of Common Pleas Case No. 2011-CR-631, Docket No. 19, p. 2. Portis further stated that he understood by pleading guilty he was waiving his constitutional rights to a jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses, and to require the State to prove his guilt beyond a reasonable doubt at a trial, during which he would not be compelled to testify against himself.

**{¶ 14}** Having found that the trial court satisfied all the requirements under Crim.R. 11(C)(2), including the effect-of-plea requirement under division (b), we conclude that Portis knowingly, intelligently and voluntarily pled guilty to possession of heroin. By entering a valid guilty plea, Portis waived all appealable errors that may have occurred at the trial court level, including any alleged errors in the trial court's decision overruling his motion to suppress. Accordingly, Portis's First Assignment of Error is overruled.

---

the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving."

(Citations omitted.) *Id.* at ¶ 15.

**Assignment of Error No. II**

{¶ 15}  Portis's Second Assignment of Error is as follows:

THE TRIAL COURT COMMITTED ERROR IN FAILING TO SUPPRESS

THE EVIDENCE SEIZED FROM MR. PORTIS' HOME WHERE THE

AFFIDAVIT OF THE SEARCH WARRANT WAS FACIALLY [sic.]

{¶ 16}  Under his Second Assignment of Error, Portis contends the trial court erred in overruling his motion to suppress because the affidavit used to secure the search warrant contained insufficient information to establish probable cause that drugs were in Portis's home at the time the warrant was issued.  This assignment of error is not well taken, as we have already concluded under Portis's First Assignment of Error that, by pleading guilty to possession of heroin, Portis waived his right to appeal from adverse pretrial rulings, including the trial court's decision overruling his motion to suppress.  Accordingly, Portis's Second Assignment of Error is overruled.

**Conclusion**

{¶ 17}  Having overruled both of Portis's assignments of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

DONOVAN and HALL, JJ., concur.

Copies mailed to:

Ryan A. Saunders
John J. Scaccia
Hon. Douglas M. Rastatter