[Cite as *State v. Evans*, 2022-Ohio-2890.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2021-CA-70 |
| | : | |
| v. | : | Trial Court Case Nos. 2021-CR-682 |
| | : | |
| CHRISTOPHER EVANS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 19th day of August, 2022.

. . . . . . . . . . .

IAN A. RICHARDSON, Atty. Reg. No. 0100124, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

JOHN A. FISCHER, Atty. Reg. No. 0068346, 70 Birch Alley, Suite 240, Beavercreek, Ohio 45440
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

LEWIS, J.

{¶ 1} Defendant-Appellant Christopher Evans appeals from his conviction on one count of attempted robbery, a third-degree felony.

{¶ 2} Evans' appointed appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of non-frivolous issues for review. On May 3, 2022, we notified Evans of the *Anders* filing and gave him an opportunity to submit his own brief by July 5, 2022. He did not file a pro se brief. We also ordered that the record be supplemented with the presentence investigation report ("PSI"), the Victim Impact Statement, and any other documents reviewed by the trial court for sentencing.

{¶ 3} Evans' appellate counsel has considered two issues and has concluded that they lack arguable merit. Based on our independent review of the record, we agree with counsel's assessment. Accordingly, the trial court's judgment will be affirmed.

I.     Facts and Course of Proceedings

{¶ 4} On October 9, 2021, police officers responded to a call about a robbery at the Spirit Halloween store on Bechtle Avenue in Clark County, Ohio. The loss prevention officer at the store advised the police that he had attempted to stop Evans from leaving the store without paying for approximately $305 in merchandise. The loss prevention officer sustained physical injuries at the hands of Evans.

{¶ 5} On October 18, 2021, Evans was indicted by a Clark County Grand Jury on two counts of robbery in violation of R.C. 2911.02(A)(2), felonies of the second degree. Evans initially pled not guilty to the two counts. However, on November 30, 2021, Evans

withdrew his not guilty plea and entered a plea of guilty to a reduced charge of one count of attempted robbery, a felony of the third degree. In exchange for his plea of guilty to the reduced charge on the first count, the State dismissed the second robbery count. At the conclusion of the plea hearing, the trial court found that Evans had knowingly, voluntarily, and intelligently waived his rights. The trial court found Evans guilty of one count of attempted robbery.

{¶ 6} A sentencing hearing was held on December 21, 2021. The trial court sentenced Evans to a maximum sentence of 36 months in prison. That same day, the trial court issued a judgment entry of conviction memorializing his conviction and sentence. Evans filed a timely appeal from his conviction.

II.     The Record Does Not Contain Any Issues With Arguable Merit

{¶ 7} Under *Anders*, we must conduct an independent review to determine whether Evans' appeal is wholly frivolous. "*Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply, or because it is uncertain whether a defendant will ultimately prevail on that issue on appeal." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8. Rather, "[a]n issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *Id.*, citing *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. "If we find that any issue – whether presented by appellate counsel, presented by the defendant, or found through an

independent analysis – is not wholly frivolous, we must reject the *Anders* brief and appoint new appellate counsel to represent the defendant." (Citations omitted.) *State v. Somerset*, 2d Dist. Montgomery No. 29249, 2022-Ohio-2170, ¶ 5.

{¶ 8} In the present case, the *Anders* brief identifies the following two issues that Evans' appellate counsel considered: (1) whether the trial court erred to the prejudice of Evans by sentencing him without informing him of his right to appeal the conviction and sentence; and (2) whether the trial court erred by sentencing Evans to the maximum of 36 months in prison. Appellate counsel sees no non-frivolous argument with regard to either of these issues. We agree with counsel's assessment.

{¶ 9} At the November 30, 2021 plea hearing, the trial court asked Evans a series of questions and provided him with information to ensure that his plea was knowing, voluntary, and intelligent. During this hearing, the trial court did not address Evans' right to appeal. In *State v. Portis*, 2d Dist. Clark No. 2013-CA-53, 2014-Ohio-3641, we addressed whether a trial court's failure to advise defendant that by pleading guilty he was forfeiting his right to appeal any pretrial rulings made his plea less than knowing, voluntary, and intelligent. We stated, in part:

> [S]ection (b) of Crim. R. 11(C)(2) requires the trial court to inform the defendant of the effect of his guilty plea and to determine whether he understands that effect. In *State v. Satterwhite*, 2d Dist. Montgomery No. 23142, 2009-Ohio-6593, we found that Crim.R. 11(C)(2)(b) does not require the trial court to inform a criminal defendant that a guilty plea will forfeit his ability to assign as error any claimed errors in pretrial rulings. *Id.* at ¶ 47.

We further held that the trial court's duty under Crim.R. 11(C)(2)(b), "does not require the trial court to conduct [a] specific inquiry into the defendant's understanding of the effect of a guilty plea on the appealability of adverse pre-trial rulings, where a defendant's misunderstanding of that effect is not apparent from the record." *Id.* at ¶ 48. However, "a trial court has not substantially complied with [Crim.R. 11(C)(2)(b)] when it says something during the plea colloquy, even inadvertently, that is likely to cause the defendant to misunderstand this specific effect of a guilty plea, or to contribute significantly to a defendant's misunderstanding in that regard." *Id.*

To satisfy the effect-of-plea requirement under Crim.R. 11(C)(2)(b), a trial court instead must inform the defendant, either orally or in writing, of the language in Crim.R. 11(B), which defines "effect of guilty plea" as "a complete admission of the defendant's guilt." *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, paragraph two of the syllabus, ¶ 23-24, 51; *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 10; Crim.R. 11(B)(1). "The information that a guilty plea is a complete admission of guilt, along with the other information required by Crim.R. 11, ensures that defendants enter pleas with knowledge of rights that they would forgo and creates a record by which appellate courts can determine whether pleas are entered voluntarily." (Citations omitted.) *Griggs* at ¶ 11. "A defendant who has entered a guilty plea without

asserting actual innocence is presumed to understand that he has completely admitted his guilt." *Id.* at syllabus.

*Portis* at ¶ 10-11.

{¶ 10} Although the trial court did not cover Evans' appellate rights at his plea hearing, the last paragraph of the guilty plea form that Evans signed stated:

> By pleading guilty I admit committing the offense and admit the facts set forth in the indictment. I know the judge may either sentence me today or refer my case for a presentence report. I understand my rights to appeal a maximum sentence; my other limited appellate rights and that any appeal must be filed within 30 days of my sentence. I understand the consequences for a conviction upon me if I am not an U.S. citizen. I enter this plea voluntarily.

{¶ 11} Moreover, at the plea hearing, the trial court made no statements that could have caused Evans to be confused about his appellate rights, and Evans said nothing that indicated such confusion. Further, as appellate counsel notes, Evans did in fact take advantage of his appellate rights by filing a timely notice of appeal from his judgment of conviction. Therefore, he has failed to show any prejudice from an alleged failure to adequately address his appellate rights at the plea hearing. *State v. Middleton*, 12th Dist. Preble No. CA2004-01-003, 2005-Ohio-681, ¶ 25. Accordingly, we conclude that there is not a potentially meritorious appellate argument that the trial court's failure to orally inform Evans that his guilty plea waived a portion of his right to appeal violated Crim.R. 11 or otherwise interfered with the knowing, voluntary, and intelligent nature of

the plea. *Portis* at ¶ 12.

{¶ 12} The trial court otherwise fully complied with Crim.R. 11. Consequently, we conclude that there is not a potentially worthy appellate argument that the trial court failed in any other way to comply with Crim.R. 11 or that Evans' plea was not knowingly, voluntarily, and intelligently entered into.

{¶ 13} The second issue identified in the *Anders* brief involved whether the trial court erred by sentencing Evans to the maximum of 36 months in prison. "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum * * * sentences." *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.), citing *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus. However, a trial court must consider the statutory criteria that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12. *State v. Leopard*, 194 Ohio App.3d 500, 2011-Ohio-3864, 957 N.E.2d 55, ¶ 11 (2d Dist.), citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38.

{¶ 14} Further, R.C. 2953.08(G)(2) provides that an appellate court "shall review the record, including the findings underlying the sentence or modification given by the sentencing court" and may modify or vacate a sentence if it clearly and convincingly finds either:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever,

if any is relevant; or

(b) That the sentence is otherwise contrary to law.

{¶ 15} In *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, the Supreme Court of Ohio "clarified an appellate court's review of a felony sentence under R.C. 2953.08(G)(2)." *State v. Litteral*, 2d Dist. Clark No. 2021-CA-10, 2022-Ohio-1187, ¶ 21. "In *Jones*, the court held that 'R.C. 2953.08(G)(2)(b) * * * does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12.' " *State v. Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 17, quoting *Jones* at ¶ 39.

{¶ 16} "In so holding, the Supreme Court explained that 'an appellate court's determination that the record does not support a sentence does not equate to a determination that the sentence is "otherwise contrary to law" as that term is used in R.C. 2953.08(G)(2)(b).' " *Dorsey* at ¶ 17, quoting *Jones* at ¶ 32. "Therefore, pursuant to *Jones*, an appellate court errs if it relies on the dicta in *Marcum* and modifies or vacates a sentence 'based on the lack of support in the record for the trial court's findings under R.C. 2929.11 and R.C. 2929.12.' " *Id.*, quoting *Jones* at ¶ 29, and referencing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231.

{¶ 17} We also stressed in *Dorsey* that "[a]s a result of the Supreme Court's holding in *Jones*, when reviewing felony sentences that are imposed solely after considering the factors in R.C. 2929.11 and R.C. 2929.12, we shall no longer analyze whether those sentences are unsupported by the record. We simply must determine whether those sentences are contrary to law." *Dorsey* at ¶ 18. In this regard, we

emphasized that " '[a] sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12.' " *Id.*, quoting *State v. Brown*, 2017-Ohio-8416, 99 N.E.3d 1135, ¶ 74 (2d Dist.).

**{¶ 18}** Here, Evans' sentence, while the maximum, was within the statutory range for the crime. *See* R.C. 2929.14(A)(3)(a) and (b). Further, the trial court did not fail to consider the matters set forth in R.C. 2929.11 and R.C. 2929.12. Rather, in its judgment entry, the trial court noted that it had considered the PSI, record, oral statements of counsel, Evans' statement, and the principles and purposes of sentencing under R.C. 2929.11 and then balanced the seriousness and recidivism factors under R.C. 2929.12. December 21, 2021 Judgment Entry of Conviction, p. 1. We have reviewed the PSI report and the transcript from the sentencing hearing. There is no arguable merit to a contention that the trial court abused its discretion in imposing a sentence of 36 months in prison.

**{¶ 19}** In view of the above discussion, there is no arguable merit in the contentions that the trial court erred to the prejudice of Evans by sentencing him without informing him of his right to appeal the conviction or that the trial court erred by sentencing Evans to the maximum of 36 months in prison. In addition to the discussed issues, we have, consistent with our duty under *Anders*, reviewed the entire record including the *Anders* brief, the plea and sentencing transcripts, and the judgment entry. This review has not revealed any arguably meritorious appellate issues.

III.    Conclusion

{¶ 20} Having found no non-frivolous issues for appeal, we grant appointed appellate counsel's request for permission to withdraw from further representation, and we affirm the judgment of the Clark County Common Pleas Court.

. . . . . . . . . . . . .

TUCKER, P.J. and EPLEY, J., concur.

Copies sent to:

Ian A. Richardson
John A. Fischer
Christopher Evans
Hon. Douglas M. Rastatter