[Cite as *State v. Harrison*, 2025-Ohio-2705.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 2024-CA-77 |
| Appellee | : | |
| | : | Trial Court Case No. 24-CR-615(B) |
| v. | : | |
| | : | (Criminal Appeal from Common Pleas |
| TETRA HARRISON | : | Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on August 1, 2025, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

_____
MARY K. HUFFMAN, JUDGE

EPLEY, P.J., and LEWIS, J., concur.

**OPINION**
CLARK C.A. No. 2024-CA-77

CHRIS BECK, Attorney for Appellant
CHRISTOPHER P. LANESE, Attorney for Appellee

HUFFMAN, J.

{¶ 1} Tetra Harrison appeals from her conviction, following a plea of guilty, to one count of burglary.   For the reasons that follow, the judgment of the trial court will be affirmed.

**Facts and Procedural History**

{¶ 2} On August 13, 2024, Harrison was indicted on one count of aggravated burglary.   On September 4, 2024, she filed a motion to suppress statements she had made to Springfield law enforcement officers.   At an October 3, 2024 pretrial conference, the court indicated it would schedule a suppression hearing before trial, and the court's docket reflects that such a hearing was scheduled for October 11, 2024.   However, there is no indication in the record that a suppression hearing occurred.

{¶ 3}  At the start of proceedings on October 16, 2024, the date set for trial, the prosecutor advised the court that the parties had reached a plea agreement; the State would accept Harrison's guilty plea to an amended charge of burglary, and the parties agreed to a presentence investigation ("PSI").   Defense counsel and Harrison acknowledged the terms of the plea agreement.   After a thorough Crim.R. 11 plea colloquy, the court accepted Harrison's guilty plea.

{¶ 4} On October 22, 2024, Harrison filed a motion to withdraw her guilty plea.   A hearing on the motion to withdraw was held on November 7, 2024.   Defense counsel advised the court that Harrison protested her innocence.   He acknowledged, however, that she had had a full Crim.R. 11 plea hearing and had admitted her guilt in the PSI proceedings.

After Harrison, the prosecutor, and defense counsel were each given an opportunity to speak, the court denied the motion to withdraw, concluding that Harrison had merely had a change of heart.   The court then proceeded to sentencing.

## Effect of Plea on Motion to Suppress

{¶ 5} Harrison raises two assignments of error.   In her first assignment of error, she asserts that the court erred in failing to advise her that her guilty plea would render her motion to suppress moot, and that her plea accordingly was not knowing, intelligent, and voluntary.   In the nature of an *Anders* brief, appellate counsel acknowledges that the existence of "a pending motion when a defendant enters a guilty or no contest plea does not create error that can be preserved for appellate review and that the plea renders such a motion moot."[1]

{¶ 6} "A plea of guilty is a complete admission of guilt."   *State v. Leonard*, 2017-Ohio-8421, ¶ 13 (2d Dist.), citing *State v. Faulkner*, 2015-Ohio-2059, ¶ 9 (2d Dist.).   "A guilty plea waives all appealable errors . . . except to the extent that the errors precluded the defendant from knowingly, intelligently, and voluntarily entering his or her guilty plea."   *Id*., citing *State v. Frazier*, 2016-Ohio-727, ¶ 81 (2d Dist.).

{¶ 7} Due process requires that a defendant's plea be knowing, intelligent, and voluntary.   *Boykin v. Alabama*, 395 U.S. 238 (1969); *State v. Harris*, 2021-Ohio-1431, ¶ 15 (2d Dist.).   In accepting a plea, the trial court must follow the mandates of Crim.R. 11(C). *State v. Brown*, 2012-Ohio-199, ¶ 13 (2d Dist.).   "[T]he rule 'ensures an adequate record on review by requiring the trial court to personally inform the defendant of his rights and the

---

[1] *Anders v. California*, 386 U.S. 738 (1967), "equate[d] a frivolous appeal with one that present[ed] issues lacking in arguable merit."   *State v. Holbert*, 2023-Ohio-3272, ¶ 9 (2d Dist.), quoting *State v. Marbury*, 2003-Ohio-3242, ¶ 8 (2d Dist.). However, *Holbert* rejected the *Anders* procedure and analysis on appeal.

conseqences of his plea and determine if the plea is understandingly and voluntarily made.' " *State v. Dangler*, 2020-Ohio-2765, ¶ 11, quoting *State v. Stone*, 43 Ohio St.2d 163, 168 (1975).

**{¶ 8}** Crim.R. 11(C)(2)(c) requires that a defendant be advised of certain constitutional rights, and strict compliance with this part of the rule is required. *State v. Thompson*, 2020-Ohio-211, ¶ 5 (2d Dist.). If a trial court fails to strictly comply with Crim.R. 11(C)(2)(c), "the defendant's plea should be deemed invalid on appeal." *State v. Hutchins*, 2021-Ohio-4334, ¶ 7 (2d Dist.).

> Crim.R. 11(C)(2)(a) requires that a trial court determine whether a defendant is "making [a] plea voluntarily," and Crim.R. 11(C)(2)(b) requires that the court inform the defendant of the consequences of the plea. Given that these parts of the rule relate to nonconstitutional issues, the "defendant must affirmatively show prejudice to invalidate [a] plea" where the trial court fails to comply fully with Crim.R. 11(C)(2)(a)-(b). (Citation omitted.) [*Dangler* at] ¶ 14; *State v. Rogers*, 2020-Ohio-4102, . . . ¶ 16 (12th Dist.).

*Id.* at ¶ 8. To show prejudice resulting from the trial court's partial noncompliance with Crim.R. 11(C)(2)(a)-(b), the defendant must demonstrate that he or she would not otherwise have entered the plea. *State v. Thompson*, 2020-Ohio-211, ¶ 5 (2d Dist.). Where a trial court completely fails to comply with Crim.R. 11(C)(2)(a)-(b), however, a defendant's plea should be invalidated on appeal, and the defendant need not show prejudice. *Id.*, citing *Dangler* and *Rogers*.

**{¶ 9}** To satisfy the requirement that the court inform the defendant of the effect of the plea pursuant to Crim.R. 11(C)(2)(b), a trial court "must inform the defendant, either orally or in writing, of the language in Crim.R. 11(B), which defines 'effect of guilty plea' as

'a complete admission of the defendant's guilt.' " *State v. Evans*, 2022-Ohio-2890, ¶ 9 (2d Dist.), quoting *State v. Portis*, 2014-Ohio-3641, ¶ 11 (2d Dist.). Crim.R. 11(C)(2)(b) does not require the trial court to inform a criminal defendant that a guilty plea will forfeit his ability to assign as error any claimed error in pretrial rulings. *State v. Satterwhite*, 2009-Ohio-6593, ¶ 47 (2d Dist.). "[T]he trial court's duty under Crim.R. 11(C)(2)(b) 'does not require the trial court to conduct [a] specific inquiry into the defendant's understanding of the effect of a guilty plea on the appealability of adverse pre-trial rulings, where a defendant's misunderstanding of that effect is not apparent from the record.' ". *Portis* at ¶ 10, quoting *Satterwhite* at ¶ 48.

{¶ 10} A defendant who has entered a guilty plea without asserting actual innocence is presumed to understand that he or she has completely admitted guilt. *Id*., quoting *State v. Griggs*, 2004-Ohio-4415, ¶ 10. This Court has found substantial compliance when the plea form includes the required advisements and the defendant indicates at the plea hearing that he or she has read and understood the plea form. *State v. Jones*, 2024-Ohio-3034, ¶ 20 (2d Dist.), citing *State v. Campbell*, 2021-Ohio-2053 (2d Dist.). *See also State v. Miller*, 2017-Ohio-478 (2d Dist.); *State v. Vanover*, 2007-Ohio-1057 (2d Dist.).

{¶ 11} As appellate counsel acknowledges, "an unruled-upon motion does not create error that can be preserved for appellate review." *State v. Gard*, 2014-Ohio-531, ¶ 11 (2d Dist.) (After a no contest plea, the "unruled upon motion to suppress became moot, because there was not going to be any evidentiary hearing on the issue of Gard's guilt or innocence of the offense with which he was charged."), citing *State v. Mendell*, 2010-Ohio-6107, ¶ 22 (2d Dist.); *State v. Hall*, 2022-Ohio-3455, ¶ 7 ("We have recognized that a no-contest or guilty plea simply renders moot a pending motion to dismiss or motion to suppress.") *See also State v. Bogan*, 2005-Ohio-3412, ¶ 13 (8th Dist.) (defendant entered his guilty plea prior

to the trial court's ruling on his motion to suppress, and the motion became moot once the plea was entered).

{¶ 12} Harrison's conviction was derived from her plea, which was a complete admission of guilt. A review of the plea hearing reflects that Harrison's plea was knowingly, intelligently, and voluntarily made. Initially, the court directed Harrison to advise the court if she had any questions during the proceedings. Harrison stated that she was a U.S. citizen, 47 years old, had completed some college, and was able to read and write. She advised the court that she was not under the influence of alcohol and that her prescription medication did not impair her ability to understand the proceedings. Harrison stated that she had had ample opportunity to speak with defense counsel and was satisfied with his representation.

{¶ 13} The court advised Harrison of the maximum penalty of 36 months for burglary, and it explained community control, mandatory post-release control, and the consequences of any violations thereof. The court stated that a PSI would be completed, but that once she entered her plea, the court could proceed with sentencing. Harrison acknowledged her understanding of each of the court's advisements.

{¶ 14} The court advised Harrison of the constitutional rights waived by entering a guilty plea, namely her rights to a trial by jury, to confront and cross-examine witnesses, to subpoena her own witnesses, to require the State to prove her guilt beyond a reasonable doubt, and to refuse to testify and not have her silence held against her. The court ascertained Harrison's understanding of each constitutional right she would waive with her guilty plea. The court advised Harrison that a plea of guilty was a complete admission of guilt, and she indicated that she understood the effect of her plea.

{¶ 15} Harrison advised the court that her plea had not been induced by threats or

promises. She admitted that she committed burglary, identified her signed plea form, and indicated that she understood it. The court asked, "with everything that we have gone over on the record here today and everything that you reviewed in that plea form, do you now want the Court to accept your plea of guilty to the amended charge of burglary as a third degree felony?" Harrison responded affirmatively. Harrison did not mention her motion to suppress at any time during the plea hearing, and she asked no questions throughout the proceedings. The court accepted her guilty plea as knowing, intelligent, and voluntary.

{¶ 16} Harrison's guilty plea rendered her suppression motion moot. The court advised her of the effect of her plea as required by Crim.R. 11(C)(2)(b), which does not require the trial court to inform a criminal defendant that a guilty plea will forfeit his or her ability to assign as error any claimed error in pretrial rulings. Further, there was no reason for the court to advise Harrison that she would be unable to challenge any suppression issue, because there was no ruling on the suppression issue prior to the plea. Because the record reflects that her plea was knowing, intelligent, and voluntary in all respects, Harrison's first assignment of error overruled.

**Withdrawal of Plea**

{¶ 17} In her second assignment of error, Harrison asserts that the trial court erred in not allowing her to withdraw her guilty plea to burglary. She argues that, in her statement to the court, she admitted that a fight had occurred but did not admit that she had entered the property of another with the intent to commit an offense.

{¶ 18} Pursuant to Crim.R. 32.1, a "motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." "While trial courts should 'freely and liberally' grant a presentence

motion to withdraw a guilty plea, a defendant does not 'have an absolute right to withdraw a guilty plea prior to sentencing.' " *State v. Howard*, 2017-Ohio-9392, ¶ 21 (4th Dist.), quoting *State v. Xie*, 62 Ohio St.3d 521, 527 (1992). "Therefore, the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *State v. Wroten*, 2023-Ohio-966, ¶ 17 (2d Dist.), citing *Xie* at 527.

{¶ 19} A motion to withdraw a plea is addressed to the trial court's sound discretion, "which also involves issues of 'the good faith, credibility and weight of the movant's assertions in support of the motion.' " *State v. Wroten*, 2023-Ohio-966, ¶ 15 (2d Dist.). " 'A trial court abuses its discretion when it makes a decision that is unreasonable, unconscionable, or arbitrary.' " (Citation omitted.) *State v. Darmond*, 2013-Ohio-966, ¶ 34. Most instances of abuse of discretion occur when a trial court makes a decision that is unreasonable. *Gilbreath* at ¶ 8, citing *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161 (1990). " 'A decision is unreasonable if there is no sound reasoning process that would support that decision.' " *Id.*, quoting *AAAA Ents.* " 'Absent an abuse of discretion on the part of the trial court . . . , its decision must be affirmed.' " *State v. Ogletree*, 2014-Ohio-3431, ¶ 11 (2d Dist.), quoting *Xie* at 527. Our review, therefore, is for abuse of discretion.

{¶ 20} In determining whether a trial court has abused its discretion in overruling a presentence motion to withdraw a plea, this Court has applied the nine-factor test set forth in *State v. Fish,* 104 Ohio App.3d (1st Dist. 1995), which includes four factors from *State v. Peterseim,* 68 Ohio App.2d 211 (8th Dist. 1980). *Wroten* at ¶ 19, 20. The nine factors are:

> "(1) whether the accused is represented by highly competent counsel, (2) whether the accused was given a full Crim.R. 11 hearing before entering the plea, (3) whether a full hearing was held on the motion, (4) whether the trial

court gave full and fair consideration to the motion, (5) whether the motion was made within a reasonable time, (6) whether the motion sets out specific reasons for the withdrawal, (7) whether the accused understood the nature of the charges and possible penalties, (8) whether the accused was perhaps not guilty of or had a complete defense to the charge or charges, and (9) whether the state is prejudiced by withdrawal of the plea."

*Id.*, quoting *State v. Young*, 2004-Ohio-5794, ¶ 11 (2d Dist.), quoting *Fish* at 240. "This list is not exhaustive, and other factors will warrant consideration depending on the merits of each individual case." *Young* at ¶ 12.

**{¶ 21}** At the hearing on the motion to withdraw, in response to a question by the court, Harrison stated, "I did not force my way into her house and I did not take anything from her. . . . We just had a hard day and we just got into a fight." The court advised Harrison that the burglary offense to which she pled guilty consisted of entering an occupied structure and attempting, threatening, or inflicting physical harm on another, noting that Harrison admitted doing so in the PSI.

**{¶ 22}** The court acknowledged that a more lenient standard applied to the pre-sentence motion to withdraw Harrison's plea. The court determined that Harrison was represented by "highly competent" counsel; that she had received a full Crim.R. 11 hearing (as defense counsel acknowledged); that she and her attorney had been given an opportunity to speak at the hearing on the motion to withdraw; that the court had given full and fair consideration to the motion; that the motion was made at a reasonable time, prior to disposition; that the motion failed to set forth specific reasons for withdrawal, but the court allowed defense counsel and Harrison to set forth any reasons for withdrawal at the hearing; that Harrison understood the nature of the charge against her and the possible penalty; that

the court doubted her innocence or that she had a complete defense to her offense, but concluded rather that she had a change of heart.

{¶ 23} In her PSI interview, Harrison stated: "My neighbor [Ms. H.] owed me money and was in her house smoking up her money with Keever and I was homeless and needed my money. Was drunk and went in and hit her." Upon further questioning, Harrison stated during the interview that she and Ms. H. had verbally argued over money, and Harrison had accused Ms. H. of failing to timely repay her. Harrison related that she had been homeless at the time, living in a garage with her husband, and upset about not being repaid, "so she went to [Ms. H.'s] house and assaulted her." Harrison "stated she punched [Ms. H.] in the face and broke her glasses." According to Harrison's version of events, she denied taking anything from the residence and did not know why she was being charged with aggravated burglary.

{¶ 24} A probable cause affidavit that was part of the PSI further described that Harrison and her husband had kicked in Ms. H.'s front door and forced their way into her apartment, knocking her to the ground and punching and kicking her. According to the affidavit, Harrison broke a decorative mirror, and she and her husband took Ms. H.'s cell phone and the glasses off her face before leaving. Officers observed the broken mirror, damage to the front door and door frame, swelling beside Ms. H.'s left eye, and scratches on her forehead. Ms. H.'s cell phone was found in the street, and her broken glasses were found on the sidewalk. Harrison and her husband later returned to the area and were arrested. They related that they hated Ms. H. because she had caused them to be evicted.

{¶ 25} Based upon the foregoing, an abuse of discretion is not demonstrated in the trial court's denial of Harrison's motion to withdraw her presentence guilty plea after the court's review of the relevant factors. The record shows that her plea was knowing,

intelligent, and voluntary in all respects; Harrison admitted guilt, and the trial court reasonably determined that she had merely had a change of heart. Harrison's second assignment of error is accordingly overruled,

{¶ 26} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

EPLEY, P.J. and LEWIS, J., concur.